STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
CHRISTEN A. SPROULE
Assistant United States Attorney
LUCAS E. ROWE (CBN: 298697)
Special Assistant United States Attorney
Asset Forfeiture Section
California Bar No. Pending
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone: (213) 894-4493
   Facsimile: (213) 894-7177
   E-mail: Christen.A.Sproule@usdoj.gov
         Lucas.Rowe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>ONE 2006 LAMBORGHINI MURCIELAGO<br><br>       Defendant<br>_____<br><br>NEXTGEAR CAPITAL, INC.,<br><br>    Claimant. | NO. CV 12-287 RGK (PJWx)<br><br>[PROPOSED]<br>FINAL PRETRIAL CONFERENCE ORDER<br><br>Pre-Trial Conference<br><br>    DATE: May 19, 2015<br>    TIME: 8:30 a.m.<br><br>Trial<br><br>    DATE: May 26, 2015<br>    TIME: 1:30 p.m. |

Following pretrial proceedings pursuant to Federal Rule of Civil Procedure 16, and Local Rule ("L.R.") 16, IT IS ORDERED:

1. THE PARTIES

The parties are Plaintiff United States of America ("government" or "plaintiff") and Claimant NextGear Capital, Inc. ("NextGear" or "Claimant").

Claimant has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

2. PLEADINGS AT ISSUE

The pleadings that raise the issues are the plaintiff's complaint filed June 14, 2013, and NextGear's Answer and Statement of Interest both filed on July 29, 2013.

3. FEDERAL JURISDICTION

Federal jurisdiction and venue are invoked pursuant to 28 U.S.C. 1345, 1355 and 1395(b), respectively, in that the United States of America is a party to this action and seeks forfeiture of the defendant asset pursuant to federal law.

4. BENCH TRIAL

Neither party has requested a trial by jury in this matter. The government estimates the case can be tried in one day. Claimant estimates the case will require two days.

Pursuant to the court's order, the government has filed the joint witness list and the joint exhibit list.

At least seven days prior to the trial date the parties shall lodge and serve by e-mail, fax, or personal delivery the findings of fact and conclusions of law the party expects the Court to make upon proof at the time of trial as required by L.R. 52-1.

5. STIPULATED FACTS

None.

6.     CLAIMS AND DEFENSES[1]

Plaintiff:

A.     Claims

Pursuant to 31 U.S.C. § 5324(a), structuring occurs when one or more persons makes multiple cash payments or deposits, in amounts less than or equal to $10,000, in order to evade currency reporting requirements, or causes or attempts to cause a domestic financial institution to fail to file a report required under 31 U.S.C. §§ 5313(a) or 5325, or causes or attempts to cause a domestic financial institution to file a report required under 31 U.S.C. §§ 5313(a) or 5325 that contains a material omission or misstatement of fact.  Any currency involved in a structuring violation and any property traceable to any such violation or conspiracy, is subject to forfeiture to the United States pursuant to 31 U.S.C. § 5317(c)(2).

The Government must prove by a preponderance of the evidence the following: first, that the person who deposited the funds, or caused them to be deposited, knowingly structured a currency transaction; second, that the person who deposited, or caused to be deposited, the funds knew of the financial institution's legal obligation to report currency transactions in excess of $10,000; and third, the person who deposited, or caused to be deposited, the funds acted with the intent to evade this reporting requirement.  31 U.S.C. § 5313(a) and 5324(a); 31 C.F.R. § 103; *United States v. MacPherson*, 424 F.3d 183, 189 (2d Cir. 2005); *see also United States v. Peterson*, 607 F.3d 975, 977 (4th Cir. 2010); *United States v. Pang*, 362 F.3d 1187, 1193-94 (9th Cir. 2004).

B.     Ultimate Facts and Evidence

The ultimate facts and evidence that plaintiff will offer to prove that the defendant currency is subject to forfeiture include the following:

On June 14, 2013, the government filed this in rem civil forfeiture action against one 2006 Lamborghini Murcielago bearing VIN ZHWBU26S9LA02025 (the "defendant

---

[1] Each party submitted its own unedited version of its Claims and Defenses.

3

asset") seized from Eduardo Escobedo ("Escobedo") on January 15, 2012 in Los Angeles.  (Escobedo did not file a claim in this matter.)

On or about June 1, 2011, 17 cash deposits totaling $164,200 were made to a bank account at U.S. Bank National Association ("U.S. Bank") in the name of Lamborghini of Newport Beach in connection with the purchase of the defendant asset.  These 17 deposits were made at 16 different U.S. Bank branches between approximately 10:07 a.m. and 4:56 p.m.  The 17 cash deposits into the Lamborghini of Newport Beach account were just under the amount of $10,000, and the pattern of deposits was indicative of structuring in order to evade the transaction reporting requirements, in violation of 31 U.S.C. § 5324 (the anti-structuring statute).

Claimant:

A. AFFIRMATIVE DEFENSES

A. NextGear is an innocent owner within the meaning of 18 USC 983(d) and applicable state law.  Accordingly its interest in the subject Vehicle may not be forfeited.  18 USC 983(d)(1).

<u>The Elements Required To Prove An "Innocent Owner" Are</u>

1. With respect to a property interest acquired after the conduct giving rise to the forfeiture has taken place, the term "innocent owner" means a person who, at the time that person acquired the interest in the property—

(a) was a bona fide purchaser or seller for value (including a purchaser or seller of goods or services for value); and

(b) did not know and was reasonably without cause to believe that the property was subject to forfeiture.  18 USC 983(d)(3).

2. Owner "means a person with an ownership interest in the specific property sought to be forfeited, including a leasehold, lien, mortgage, recorded security interest, or valid assignment of an ownership interest…"

18 U.S.C.A. § 983(d)(6).

4

B.     Ultimate Facts and Evidence

NextGear was previously known as Dealer Services Corporation ("DSC"). DSC changed its name to NextGear pursuant to a Certificate of Merger filed with the Delaware Secretary of State filed on January 31, 2013. All references here to "NextGear" will include the former entity DSC.

NextGear provides flooring lines to used car dealers across the United States, including the State of California. A flooring line allows dealers to purchase inventory, i.e., vehicles, for resale to the public. NextGear does not make consumer loans, but only commercial loans to auto dealers.

The evidence will show that NextGear is a secured creditor of NCA International Services, Inc. dba Remate del Monte ("Remate") with a priority interest in all of Remate's assets, including the Defendant Asset. In support of its claim that it is a secured creditor, NextGear will submit as evidence the following documents: Demand Promissory Note and Security Agreement dated August 23, 2005, Demand Promissory Note and Security Agreement dated January 21, 2010, UCC-1 Financing Statement filed August 25, 2005 and UCC Financing Continuation Statement filed August 2, 2010. NextGear also identifies its Certificate of Merger, April 20, 2012 and March 03, 2013 Receivable Detail Reports, SOT Vehicle Report dated December 13, 2013 and February 8, 2013 Written Off Dealer Statement ("Statement").

In support of its claim that it acquired an interest in the Defendant Asset upon the sale to Remate, NextGear identifies the California Department of Motor Vehicles' ("DMV") Certificate of Title. Wholesale Report of Sale ("ROS") and DMV records showing that the ROS was filed with the DMV.

Other key evidence will be introduced by way of testimony from witnesses Troy Rogers, Cecilia Saiden Mariscal and Officer Arias and/or custodian of records from the Irwindale Police Department.

NextGear have value for the Defendant Asset. As of April 20, 2012, when NextGear submitted its claim for return of the subject vehicle, Remate's outstanding balance on its flooring line amounted to $233,824.34. Remate's debt to NextGear remains unpaid and amounts to $199,212.84 plus accruing interest and attorney fees and costs. Additionally, a number of other vehicles subject to NextGear's security interest were removed from Remate's lot and disposed of by Escobedo without payment to NextGear or its permission which has eliminated NextGear's ability to collect its collateral to satisfy Remate's debt.

NextGear had no knowledge or involvement with the circumstances of the purchased of the Defendant Asset from Lamborghini Newport Beach and was without cause to believe the Defendant Asset was subject to forfeiture.

### 7. STATUS OF DISCOVERY

The discovery cut-off was March 30, 2015. The government responded to written discovery and produced documentation. Claimant responded to written discovery and produced documentation.

### 8. F.R.Civ.P. 26(a)(3) DISCLOSURES

All disclosures required under Federal Rule of Civil Procedure 26(a)(3) have been made by the parties. The Government is attempting to ascertain current address and phone number information for two witnesses that the government may call for rebuttal if necessary; the government will provide such information to Claimant once it is obtained.

The parties have also filed a joint witness list with the Court.

The parties do not intend to present evidence by way of deposition testimony.

### 9. EXHIBITS

A joint exhibit list has been filed by the parties as required by L.R. 16-5. Objections to these exhibits have been noted within that document and may be made in motions in limine.

10. LAW AND MOTION MATTERS

The Government intends to file motions in limine to address relevant evidentiary issues. Claimant NextGear also intends to file motions in limine to address relevant evidentiary issues.

11. BIFURCATION

Bifurcation of the following issues for trial is ordered:

None.

12. ATTORNEY FEES AND INTEREST

If Claimant prevails, Claimant may be entitled to seek interest and attorney fees pursuant to 28 U.S.C. 2465.

13. CONCLUSION

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this pretrial conference order shall supersede the pleadings and govern the course of the trial of this

cause, unless modified to prevent manifest injustice.

DATED: _____

THE HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Approved as to form and content,

DATED: May 8, 2015

STEPHANIE YONEKURA
Acting United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

   /s/ *Christen A. Sproule*
CHRISTEN A. SPROULE
LUCAS E. ROWE
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Approved as to form and content,
DATED: May 8, 2015

   /s/Paula M Harrelson
PAULA M. HARRELSON
Attorney for Claimant NextGear Capital, Inc.