STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
CHRISTEN A. SPROULE (California Bar No. Pending)
Assistant United States Attorney
LUCAS E. ROWE (CBN: 298697)
Special Assistant United States Attorney
Asset Forfeiture Section
  Federal Courthouse, 14th Floor
  312 North Spring Street
  Los Angeles, California 90012
  Telephone: (213) 894-4493
  Facsimile: (213) 894-7177
  E-mail: Christen.A.Sproule@usdoj.gov
        Lucas.Rowe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ONE 2006 LAMBORGHINI MURCIELAGO<br><br>    Defendant.<br>_____<br><br>NEXTGEAR CAPITAL, INC.,<br><br>    Claimant. | NO. SACV 13-907 DOC(JPRx)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO AFFIRMATIVE DEFENSE NOT ASSERTED IN ANSWER**<br><br>TRIAL: May 26, 2015<br>TIME: 10:00 a.m. |

PLEASE TAKE NOTICE that on May 26, 2015 at 10:00 a.m., Plaintiff United States of America will present a Motion In Limine to Exclude Evidence Related to

Affirmative Defense Not Asserted in Answer before the Honorable David O. Carter, United States District Judge, Courtroom 9D, located at the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, CA 92701.

     The motion is brought pursuant to Rules 8, 15, and 16 of the Federal Rules of Civil Procedure.  This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, and other facts appearing in the Court's file and upon such further evidence, oral or documentary, as may be presented prior to or at the hearing on this motion.

     A proposed order is lodged herewith.

DATED: May 12, 2015

STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

  /s/  *Christen A. Sproule*
CHRISTEN A. SPROULE
LUCAS E. ROWE
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# **MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiff United States of America ("the Government") respectfully submits this memorandum of points and authorities in support of its motion in limine to exclude evidence at trial related to the affirmative defense of innocent ownership, which was not timely alleged in Claimant's Answer.

In Claimant's submission for the proposed Pre-Trial Order filed on May 8, 2015, less than three weeks before trial, Claimant asserted that it will allege the affirmative defense of innocent ownership at trial. This affirmative defense was not alleged in Claimant's Answer to the Government's Verified Complaint filed on September 26, 2013. (Dkt. 15.) Moreover, Claimant has not even attempted to amend its Answer to rectify its failure to so plead. Accordingly, Claimant must be barred from presenting evidence at trial related to its unalleged affirmative defense.

## II.   STATEMENT OF FACTS

On June 14, 2013, the Government filed this in rem civil forfeiture action against one 2006 Lamborghini Murcielago bearing VIN ZHWBU26S9LA02025 (the "defendant asset") seized on January 15, 2012 in Los Angeles, California. (Dkt. 1) On September 26, 2013, Claimant Nextgear Capital, Inc. ("Claimant") filed its Answer to the Complaint, alleging three affirmative defenses (each of which appear to have been abandoned). (Dkt. 15) Notably, the innocent owner affirmative defense was not among those defenses alleged.

On March 3, 2014, this Court issued a Scheduling Order establishing, among other deadlines, a June 1, 2014 deadline for the joinder of parties and amendment of pleadings. To date, Claimant has made no such motion. On May 8, 2015, in its submission for the parties' proposed Pre-Trial Order, for the first time on the record after the deadline for amending the pleadings had passed, Claimant asserted that it would raise the affirmative defense of innocent ownership at trial.

The Government files this motion to object to this untimely attempt to assert this unalleged affirmative defense and to move in limine to preclude the presentation at trial of any evidence related to it.

### III.   ARGUMENT

**A. Innocent Ownership Is an Affirmative Defense That Must Be Alleged in the Answer or It Is Waived.**

Pursuant to Federal Rule of Civil Procedure 8(b)(1)(A), (c), if it is not asserted in a responsive pleading, an affirmative defense is deemed waived, and evidence of that defense is inadmissible at trial. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008); *Arizona v. California*, 530 U.S. 392, 410 (2000); *In re Adbox, Inc.*, 488 F.3d 836, 841-42 (9th Cir. 2007). This rule is strictly enforced because the driving purpose of the Answer is to advise the Court and the Government of the claims and defenses that support the claim to the property at issue. *See United States v. $4,629.00 in U.S. Currency*, 359 F. Supp. 2d 504, 507 (W.D. Va. 2005); *United States v. One 1996 Vector M12*, 442 F. Supp. 2d 482, 486 (S.D. Ohio 2005) ("the purpose of an answer is to set forth in detail the claims and defenses which the claimant believes support his assertion of claim to the property"). Moreover, in a forfeiture action, the innocent owner defense is just such an affirmative defense that must be pleaded in the Answer to the Verified Complaint or it is deemed waived. *United States v. 5910 South Ogden Court*, No. 12-2539, 2012 WL 4748030, at *3 (D. Colo. May 3, 2012) (denying claimant's motion to amend her answer to add an innocent owner defense where Government had made discovery decisions based on understanding claimant was not asserting such a defense and the amendment would therefore prejudice the Government).

In this case, on March 3, 2014, this Court issued a Scheduling Order setting a June 1, 2014 deadline for the amendment of pleadings.[1] To date, Claimant has made no such

---

[1] The only time in this action that the innocent owner affirmative defense was offered by Claimant on the record was two lines in the Rule 26(f) joint report filed on February 28, 2014, which was filed before the deadline to amend the pleadings. Because
*(footnote cont'd on next page)*

motion. Because the deadline for amendment of pleadings has passed, Claimant has waived any unalleged affirmative defense and cannot present such evidence at trial. Moreover, allowing any modification of the Answer at this point in the case requires a modification of the Scheduling Order pursuant to Rule 16(b), for which the Claimant cannot offer any good cause.

### B. Claimant Cannot Demonstrate Good Cause for Modification Under Rule 16(b).

A Scheduling Order may be modified only upon a showing of "good cause" under Rule 16(b). To establish "good cause," a party seeking modification of a scheduling order "must provide an adequate explanation for any delay" by showing that, even with the exercise of due diligence, it could not meet the court's deadlines. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n. 4 (10th Cir. 2006); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Rule 16 erects a more stringent standard [than Rule 15(a)], requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court." *Colorado Visionary Acad. v. Medtronic, Inc.,* 194 F.R.D. 684, 687 (D. Colo. 2000).

In this case, Claimant can provide no explanation for its failure to plead the affirmative defense of innocent ownership or its failure to move to amend its Answer within the deadlines established by the Court. Thus, the Court must find that Claimant failed to demonstrate good cause to amend the Scheduling Order, as required by Rule 16(b), and must deny any such request.

### C. Claimant Should Not Be Granted Leave to Amend Under Rule 15(a) Because of the Prejudice It Would Cause the Government.

Once the scheduling order deadline has passed, Rule 16(b)(4) requires a party to show "good cause" before being granted leave to amend the pleadings, in addition to the showing required under Rule 15. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295,

---

no such motion to amend was ever made, the Government fairly assumed that this affirmative defense had been abandoned by Claimant.

298(4th Cir. 2008); *Coleman v. Quaker Oats Co.* 232 F.3d 1271, 1294 (9th Cir. 2000). Rule 15(a) of the Federal Rules of Civil Procedure provides that, following a 21-day period for service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend its pleading only by leave of the court or by written consent of the adverse party. Rule 15 instructs courts to "freely give leave when justice so requires." *Id.* Nevertheless, denying leave to amend is proper if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Untimeliness alone may be a sufficient basis for denying a party leave to amend. *See AmerisourceBergen Corp. v. Dialysist West, Inc.* 465 F.3d 946, 953 (9th Cir. 2006) (finding that eight month unexplained delay sufficient to deny leave to amend); *Calderón-Serra v. Wilmington Trust Co.* 715 F3d 14, 20 (1st Cir. 2013) ("Appreciable delay alone, in the absence of good reason for it, is enough to justify denying a motion for leave to amend"); *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir.2005); *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001). The important inquiry is not simply whether Claimant has delayed, but whether such delay is undue. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993), or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990); *Tampa Bay Water v. HDR Engineering, Inc.*, 731 F.3d 1171, 1186(11th Cir. 2013) ("A district court may find undue delay when the movant knew of facts supporting the new claim long before the movant requested leave to amend, and amendment would further delay the proceedings.").

6

Delay in amendment raises special concerns at this very late phase of the litigation. *See Evans v. McDonald's Corp*. 936 F.2d 1087, 1091 (10th Cir. 1991) (finding that a party who "wait[s] until the last minute to ascertain and refine the theories on which they intend to build their case" wastes the parties' and the Court's resources on extended discovery or continuances.) In fact, prejudice is *presumed* where a motion to amend is brought late in the litigation: "Prejudice and undue delay are *inherent* in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided." *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (emphasis added); *see also Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (finding that a motion "on the eve of the discovery deadline" was properly denied because it would have required reopening discovery, thus delaying proceedings).

Here, the Government has made significant case-related decisions in discovery in reliance on its understanding that Claimant was not asserting an innocent ownership defense. For example, the Government would not have foregone deposing certain witnesses now appearing on the Claimant's witness list if the innocent ownership defense had been asserted at a time that would have provided proper notice to the Government of this defense. In fact, when a district court in Colorado faced just such a motion to allow the amendment of a claimant's Answer to add the affirmative defense of innocent ownership after the close of discovery, it found that because that such an amendment would prejudice the government and cause significant waste of resources and delay, Rules 15 and 16 required the court to deny leave to amend. *5910 South Ogden Court*, 2012 WL 4748030, at *3.

## IV.   CONCLUSION

Allowing Claimant to assert, for the first time, on the eve of trial, with no adequate explanation, the affirmative defense of innocent ownership would cost the Government and the Court considerable time and expense in the way of additional discovery and

renewed dispositive motions.  In light of the impending trial, the Court should find that Claimant's attempt to amend its Answer via the Pre-Trial Order is barred by Rules 15 and 16.  Accordingly, the Court should exclude all evidence related to the affirmative defense of innocent ownership at trial.

DATED: May 12, 2015                    Respectfully submitted,

STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

   /s/*Christen A. Sproule*
CHRISTEN A. SPROULE
LUCAS E. ROWE
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA