STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
CHRISTEN A. SPROULE (California Bar No. Pending)
Assistant United States Attorney
LUCAS E. ROWE (CBN: 298697)
Special Assistant United States Attorney
Asset Forfeiture Section
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone:  (213) 894-4493
   Facsimile:  (213) 894-7177
   E-mail: Christen.A.Sproule@usdoj.gov
         Lucas.Rowe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ONE 2006 LAMBORGHINI MURCIELAGO <br><br> Defendant <br> _____ <br><br> NEXTGEAR CAPITAL, INC., <br><br> Claimant. | No. SACV 13-907-DOC(ANx) <br><br> **PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** <br><br> TRIAL: May 26, 2015 <br> TIME:  10:00 a.m. |

     Pursuant to Rule 16 of the Federal Rules of Civil Procedure and Rule 16-3 of the Local Rules of the Central District of California, plaintiff United States of America submits its Memorandum of Contentions of Fact and Law.

## I.   FACTUAL CONTENTIONS

On June 14, 2013, the government filed this in rem civil forfeiture action against one 2006 Lamborghini Murcielago bearing VIN ZHWBU26S9LA02025 (the "defendant asset") seized from Eduardo Escobedo ("Escobedo") on January 15, 2012, in Los Angeles.  (Escobedo did not file a claim in this matter.)  A second claimant, Ernesto Zugasti-Coria ("Zugasti"), filed a claim in this matter, but this Court ordered his claim withdrawn and terminated pursuant to Zugasti's motion on April 24, 2015.

On or about June 1, 2011, 17 cash deposits totaling $164,200 were made to a bank account at U.S. Bank National Association ("U.S. Bank") in the name of Lamborghini of Newport Beach in connection with the purchase of the defendant asset.  These 17 deposits were made at 16 different U.S. Bank branches between approximately 10:07 a.m. and 4:56 p.m.  Each of the 17 cash deposits into the Lamborghini of Newport Beach account was just under the amount of $10,000, and the pattern of deposits was indicative of structuring in order to evade the transaction reporting requirements, in violation of 31 U.S.C. § 5324 (the anti-structuring statute).

At no time has Claimant suggested that these facts are disputed.

## II.   LEGAL BRIEF

### A.   Legal Issues

   1.   The Defendant Asset Is Subject to Forfeiture Under 31 U.S.C. § 5317 Because It Is Traceable to a Violation of 31 U.S.C. § 5324.

In a suit or action brought under "any civil forfeiture statute" for the civil forfeiture of any property, "the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture . . . ."  18 U.S.C. § 983(c)(1).  The Government contends that the defendant asset is properly subject to forfeiture under 31 U.S.C. § 5317 because it is property traceable to currency involved in a structuring violation.

Here, the Government must prove by a preponderance of the evidence the following:  first, that the person who deposited the funds, or caused them to be

1

deposited, knowingly structured a currency transaction; second, that the person who deposited the funds knew of the financial institution's legal obligation to report currency transactions in excess of $10,000; and third, the person who deposited the funds acted with the intent to evade this reporting requirement. 31 U.S.C. § 5313(a) and 5324(a); 31 C.F.R. § 103; *United States v. MacPherson*, 424 F.3d 183, 189 (2d Cir. 2005); *see also United States v. Peterson*, 607 F.3d 975, 977 (4th Cir. 2010); *United States v. Pang*, 362 F.3d 1187, 1193-94 (9th Cir. 2004).

Congress enacted the Currency and Foreign Transactions Reporting Act ("Bank Secrecy Act") in 1970, Pub.L. 91-2508, Tit. II, 84 Stat. 1118, in response to increasing use of banks and other institutions as financial intermediaries by persons engaged in criminal activity. The Act imposes a variety of reporting requirements on individuals and institutions regarding foreign and domestic financial transactions. *See* 31 U.S.C. §§ 5311-5325. Federal law requires financial institutions to file a CTR for any cash transaction exceeding $10,000. 31 U.S.C. § 5313. Structuring a transaction for the purpose of evading a financial institution's CTR reporting requirement is prohibited. 31 U.S.C. § 5324(a).

Furthermore, "[a]ny property involved in a violation of section 5313 . . . and any property traceable to any such violation . . . may be seized and forfeited to the United States in accordance with the procedures governing civil forfeitures in money laundering cases pursuant to section 981(a)(1)(A) of title 18, United States Code." 31 U.S.C. § 5317. Regulations set forth in 31 C.F.R. § 103.11(gg) define when "structuring" occurs:

> [A] person structures a transaction if that person, acting alone, or in conjunction with, or on behalf of, other persons, conducts or attempts to conduct one or more transactions in currency, in any amount, at one or more financial institutions, on one or more days, in any manner, for the purpose of evading the reporting requirements under section 103.22 of this part. "In any manner" includes, but is not limited to, the breaking down of a single sum of currency exceeding $10,000 into smaller sums, including sums at or below $10,000, or the conduct of a transaction, or series of currency transactions, including transactions at or below $10,000. The transaction or transactions need not exceed the $10,000 reporting threshold at any single financial institution on any single day in order to constitute structuring within the meaning of this definition.

In order to prove a violation of 31 U.S.C. § 5324, "the government must prove only that a defendant had knowledge of the reporting requirements and acted to avoid them." *United States v. Van Allen*, 524 F.3d 814, 820 (7th Cir. 2008) (internal quotation marks and citation omitted).  The government is not required to show that the person engaged in the structuring acted willfully (i.e., knew that structuring was illegal), that the money was derived from illegal sources, or that the depositor knows the specific form banks use to report cash deposits exceeding $10,000 to the IRS.

### 2.   The Elements of Knowledge and Intent May Be Established by Circumstantial Evidence.

The elements of knowledge of and intent to evade the reporting requirement can be proven with circumstantial evidence, direct evidence or both.  *United States v MacPherson*, 424 F.3d 183, 189 (2d Cir. 2005) ("The law, however, recognizes that the *mens rea* elements of knowledge and intent can often be proved through circumstantial evidence") (citations omitted).  Numerous courts have held that the nature and pattern of a person's structured cash transactions are sufficient evidence to prove circumstantially that an individual knows of the reporting requirement and intends to evade the requirement by structuring cash transactions.

For example, in *United States v. $155,000.00 U.S. Funds From Sterling Savings Bank Account # XXXXXXX1308*, 2008 WL 4181184 (E.D. Wash. Sept. 4, 2008), the court granted the government's motion for summary judgment and forfeited the defendant $155,000.00 pursuant to 31 U.S.C. § 5317(c)(2) because the funds were involved in 31 U.S.C. § 5324 structuring violations.  During an eleven month period, an individual deposited into one bank account a total of $155,000.00, consisting of two deposits for $9,500.00, six deposits for $9,000.00, nine deposits for $8,000.00 and two deposits for $5,000.00.  When government agents spoke to the depositor, he stated "I try to keep my deposits under $10,000 to avoid problems, if that is what this is about." *Id.* at *2.  The court concluded that the depositor's structured deposits and statement

"clearly indicate[d] that [the depositor] knew that some kind of report would have to be filed, and section 5324 does not require more specific knowledge." *Id.* at *4.  In addition, the court held that intent to evade the reporting requirements had been shown "based on evidence that bank employees informed [the individual] of the need to report bank transaction [sic] exceeding $10,000 and on evidence that the 19 transactions were broken down into amounts of less than $10,000." *Id.* (citations omitted).

The same type of circumstantial evidence was also found sufficient in *United States v. MacPherson*, 424 F.3d 183 (2d Cir. 2005), where the defendant deposited $258,000.00 in 32 below-$10,000.00 cash deposits and sometimes made multiple deposits on the same day.  In concluding that the pattern of MacPherson's deposits constituted ample circumstantial evidence of his knowledge of and intent to evade the reporting requirement, the court stated "[t]hat MacPherson's avoidance of five-figure transactions was calculated rather than coincidental is evidenced by the fact that twenty-three deposits were in amounts of $9,000-$9,200." *Id.* at 191.

Similarly, in *United States v. Cassano*, 372 F.3d 868, 879 (7th Cir. 2004), vacated on other grounds, 125 S. Ct. 1018 (2005), the court held that the circumstantial evidence of the defendant's pattern of cashing fifty-one checks payable to cash contributed to establishing the defendant's knowledge, and stated "it is unlikely, to the point of absurdity, that it was pure coincidence that all fifty-one checks cashed by [the defendant] were in denominations under $10,000."  Likewise, in *United States v. Morales-Rodriguez*, 467 F.3d 1, 11-12 (D.P.R. 2006), where the defendant wrote over a three year period one million dollars in checks payable to cash without a single check being over $10,000.00, the court concluded that the pattern of defendant's cash transactions constituted "consistent avoidance" of the $10,000.01 reporting threshold for the purpose of evading the reporting requirement.

Courts have also found a pattern of deposits to constitute sufficient circumstantial proof of structuring.  In *United States v. Van Allen*, 524 F.3d 814 (7th Cir. 2008), the defendant withdrew 5.8 million dollars in cash (by writing checks payable to cash and

cashing them at a currency exchange) from a bank account between 2002 and 2004 because he wanted to "avoid the aggravation" of filing additional paperwork. *Id.* at 817. The 5.8 million dollars in cash was withdrawn in 3,000 separate transactions without any single transaction exceeding $10,000.00. In addition, the defendant deposited into the bank account over 5.5 million dollars in 1,148 separate transactions, only 3 of which exceeded $10,000.00. The court concluded that "the sheer volume of the transactions almost compels the conclusion" that the defendant was guilty of structuring. *Id.* at 820.

Several other courts have reached the same result. *See, e.g.*, *United States v. Bringier*, 405 F.3d 310, 314-15 (5th Cir. 2005) ("evidence of [the defendant's] pattern of bank deposits, his wife's knowledge of the reporting requirements, and his knowledge that depositing over $10,000 would require additional paperwork" was sufficient to show the defendant's knowledge of and intent to evade reporting requirement); *United States v. Marder*, 48 F.3d 564, 574 (1st Cir. 1995) ("it certainly would make sense for a person cognizant of the reporting requirement . . . to make two separate purchases at two separate banks - - e.g., a purchase of $5,000 and a purchase of $6,460 - - in order to obtain $11,460 without triggering a report to the IRS").

>    3.   <u>Defendant Asset Is Subject to Forfeiture Even if the Funds Were Obtained Through Lawful Means.</u>

Notably, the United States does *not* have to prove that the funds at issue were proceeds of illegal activity. Rather, the structuring of funds to evade reporting requirements is a substantive offense that does not require a criminal violation in conjunction with a violation of 31 U.S.C. § 5324 in order for the funds to be subject to forfeiture. In *United States v. Ahmad*, the defendant began structuring deposits "in amounts less than $10,000 in order to avoid the filing of currency transaction reports" after a conversation with a bank officer. 213 F.3d 805, 807 (4th Cir. 2000). The parties stipulated and the court agreed that the currency involved in the structured deposits was forfeitable under § 5324 because the currency was "directly traceable to deposits structured so as to avoid the reporting requirements." *Id.* at 809. The court made this

determination despite the fact that the defendant's criminal convictions under 31 U.S.C. § 5322 were reversed.  *Id.*

In *United States v. MacPherson*, the defendant structured bank deposits in an effort to shield his assets from pending litigation involving a tort claim brought by a claimant injured on the defendant's property.  424 F.3d 183, 185 (2d Cir. 2005).  The defendant argued that because the funds were not related to any criminal activity, they should not be subject to forfeiture under § 5324.  *Id.* at 193.  The court rejected this argument and noted that "[i]f a defendant structures cash transactions knowing that the financial institution involved is obligated to report transactions exceeding $10,000 and intending to evade that requirement, he is guilty of structuring without regard to whether the cash at issue represents criminal or lawful proceeds."  *Id.*

### B.   Claimant's Defenses

The Government has filed a motion in limine to exclude evidence related to the Claimant's unalleged affirmative defense of innocent ownership.

### C.   Evidentiary Problems

Based on the exhibits Claimant identified for the first time on May 8, 2015, the Government anticipates that Claimant will attempt to introduce numerous documents that are inadmissible hearsay without an objection.  The Government will file motions in limine to address relevant evidentiary issues.

## III.   BIFURCATION OF ISSUES

The government does not request bifurcation of any issues to be tried in this case.

## IV.   BENCH TRIAL

Neither party made a timely demand for a jury trial.

## V.   ATTORNEY'S FEES

The government does not claim attorney's fees in this case.

## VI.    ABANDONMENT OF ISSUES

The government has not abandoned any issues in the pleadings in this case.

DATED: May 12, 2015                     Respectfully submitted,

                                        STEPHANIE YONEKURA
                                        Acting United States Attorney
                                        ROBERT E. DUGDALE
                                        Assistant United States Attorney
                                        Chief, Criminal Division
                                        STEVEN R. WELK
                                        Assistant United States Attorney
                                        Chief, Asset Forfeiture Section

                                        ____/s/ Christen A. Sproule____
                                        CHRISTEN A. SPROULE
                                        LUCAS E. ROWE
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA