PRENOVOST, NORMANDIN, BERGH & DAWE
A Professional Corporation
TOM R. NORMANDIN, SBN 102265
tnormandin@pnbd.com
PAULA M. HARRELSON, SBN 167438
pharrelson@pnbd.com
2122 North Broadway, Suite 200
Santa Ana, California 92706-2614
Phone No.:   (714) 547-2444
Fax No.:     (714) 835-2889

Attorneys for NextGear Capital, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>ONE 2006 LAMBORGHINI MURCIELAGO,<br><br>        Defendant. | Case No. SACV13-907-DOC(JPR)<br><br>**CLAIMANT NEXTGEAR CAPITAL INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Date:   May 4, 2015<br>Time:  1:30 p.m.<br>Crtrm.: 9-D<br><br>The Hon. David O. Carter |

**CLAIM**: The Government alleges that the Defendant Asset Lamborghini ("Vehicle") is subject to forfeiture because it was acquired as a result of "structured" deposits in violation of 31 U.S.C. section 5324.

Elements Required To Establish Plaintiff's Claim

1.    The Government must show by a preponderance of the evidence that the subject Vehicle was involved in a violation of, or conspiracy to violate, Section 5324 or is otherwise property traceable to such violation or conspiracy. (31 U.S.C. 5317; 18 U.S.C. 983(c).)

2.    To prove a violation under Section 5324, the Government must prove that a person with a substantial connection to the subject Vehicle

    (1)    engaged in structuring,

  (2) with knowledge of the Currency Transaction Report ("CTR") filing requirement, and

  (3) with intent to evade this requirement.

(31 U.S.C. 5324; *U.S. v. Sixty-one thousand nine hundred dollars and no cents ($61,900.00) seized from account number XXXXXX4429 held in the name of PRP Restaurant, Inc.* (E.D.N.Y. 2011) 802 F.Supp.2d 451, 452.)

  The Plaintiff presumably will attempt to show that seventeen (17) transactions made on the same day of less than $10,000 amount to a violation of Section 5324.

  However, the deposits, while made in different locations, were all made to the same Bank, into the same account for the same entity, Lamborghini Newport Beach ("LNB"). Such conduct would seem to guarantee the filing of a CTR by either or both the Bank and LNB, rather than evade it. In fact, the evidence will show that a CTR was filed.

  **AFFIRMATIVE DEFENSES:** Claimant NextGear Capital, Inc. ("NextGear") is an innocent owner within the meaning of 18 U.S.C. 983(d) and applicable state law. Accordingly its interest in the Vehicle may not be forfeited. (18 U.S.C. 983(d)(1).)

<u>The Elements Required To Prove An "Innocent Owner" Are</u>

  1. With respect to a property interest acquired after the conduct giving rise to the forfeiture has taken place, the term "innocent owner" means a person who, at the time that person acquired the interest in the property—

  (a) was a bona fide purchaser or seller for value (including a purchaser or seller of goods or services for value); and

  (b) did not know and was reasonably without cause to believe that the property was subject to forfeiture.

18 U.S.C. 983(d)(3).

  2. Owner "means a person with an ownership interest in the specific property sought to be forfeited, including a leasehold, lien, mortgage, recorded security interest, or valid assignment of an ownership interest..."

(18 U.S.C. § 983(d)(6).)

The evidence will show that NextGear, successor in interest by merger to Dealer Services Corporation ("DSC") is a secured creditor of NCA International Services, Inc. dba Remate del Monte ("Remate") with a priority interest in all of Remate's assets. In support of its claim that it is a secured creditor, NextGear will submit as evidence the fact that it is a licensed inventory flooring lender, pursuant to the following documents: Demand Promissory Note and Security Agreement dated August 23, 2005, Demand Promissory Note and Security Agreement dated January 21, 2010, UCC-1 Financing Statement filed August 25, 2005 and UCC Financing Continuation Statement filed August 2, 2010, Certificate of Merger, April 20, 2012 and March 03, 2013 Receivable Detail Reports and SOT Vehicle Report dated December 13, 2013.

In support of its claim that it acquired an interest in the subject vehicle upon the sale to Remate, NextGear is the holder of the original DMV Certificate of Title. Moreover, the the DMV records demonstrate that the Report of Sale identifies Remate as the purchaser of the Lamborghini from LNB.

Other key evidence will be introduced by way of testimony from witnesses Scott Carey, Troy Rogers, Cecilia Saiden Mariscal and Officer Arias and/or custodian of records from the Irwindale Police Department.

**ISSUES OF LAW:**

A. <u>California State Law establishes NextGear as a secured creditor of Remate which security interest attached to the Vehicle prior to seizure.</u>

California law controls the determination of NextGear's interest in the Defendant Assert. (*Butner v U.S.* (1979) 440 U.S. 48, 55 [property interests are created and defined by state law].)

NextGear was previously known as DSC. DSC changed its name to NextGear pursuant to a Certificate of Merger filed with the Delaware Secretary of State filed on January 31, 2013. All references here to "NextGear" will include the former entity DSC.

1  NextGear provides flooring lines to used car dealers across the United States,
2  including the State of California. A flooring line allows dealers to purchase inventory,
3  i.e., vehicles, for resale to the public. NextGear does not make consumer loans, but
4  only commercial loans to auto dealers. NextGear is licensed to make loans by the State
5  of California.

6  NextGear provided flooring financing to Remate since 2005. NextGear's
7  security interest was perfected when Remate's initial flooring line was issued. It
8  remains perfected to date. NextGear's security interest extends to "a continuing
9  security interest in all of [Remate's] assets and properties, wherever located, including
10 without limitation, all Equipment of any kind or nature, all vehicles, vehicle parts, all
11 inventory now owned or hereafter acquired, without limitation...." This would include
12 the Vehicle from the moment Remate acquired an interest in it. As of April 20, 2012,
13 when NextGear submitted its claim for return of the subject vehicle, Remate's
14 outstanding balance on its flooring line amounted to $233,824.34. Remate's debt to
15 NextGear remains unpaid and amounts to $199,212.84 plus accruing interest and
16 attorney fees and costs.

17 NextGear's status as a secured creditor of Remate has not been challenged by
18 Plaintiff. NextGear's flooring line documents: Promissory Notes and Security
19 Agreements and UCC filings are standard commercial financing arrangements. Nor
20 does Plaintiff question NextGear innocence in the LNB/Remate sale transaction.

21 Rather Plaintiff asserts that NextGear did not obtain a security interest in the
22 Vehicle because Remate never obtained an interest. Plaintiff's assertion is incorrect.

23     B.    <u>The Certificate of Title, currently held by NextGear, and the DMV's</u>
24           <u>ROS establish a *prima facie* case that Remate owned the Vehicle</u>
25           <u>as of June 2011 and NextGear's security interest attached at that time.</u>
26           A purchaser of goods acquires all title which his transferor
27           had or had power to transfer except that a purchaser of a
28           limited interest acquires rights only to the extent of the

interest purchased. A person with voidable title has power to transfer a good title to a good faith purchaser for value. When goods have been delivered under a transaction of purchase the purchaser has such power even though

(a) The transferor was deceived as to the identity of the purchaser, or

(b) The delivery was in exchange for a check which is later dishonored, or

(c) It was agreed that the transaction was to be a "cash sale," or

(d) The delivery was procured through fraud punishable as larcenous under the criminal law.

(Cal. *Comm. Code* §2401(1).)

"Section 2403 applies to the sale of automobiles. [citations.]" (*Suburban Motors, Inc. v. State Farm Mut. Auto. Ins. Co.* (1990) 218 Cal.App.3d 1354, 1359.) Moreover, "California is a `full title' state. This means that a buyer who has no actual knowledge of a defect in title is entitled to rely upon the information reflected on the registration and ownership certificates, without further inquiry. [citations.]" (*Louis & Diederich, Inc. v. Cambridge European Imports, Inc.* (1987) 189 Cal.App.3d 1574, 1587.) A "pink slip" (certificate of title) and registration constitute *prima facie* evidence of ownership. (*Louis & Diederich, Inc. v. Cambridge European Imports, Inc.* at p. 1589.)

Plaintiff has asserted that there was no effective transfer of title or interest to Remate because the transaction was completed with tainted funds. Even assuming for the sake of argument that the Plaintiff can prove the funds were tainted, Plaintiff misconstrues California law on void versus voidable title.

Even fraud cannot defeat title. "Where a merchant is entrusted with goods `for the purpose of sale, obtaining offers to purchase, locating a buyer, or the like,' he can pass clear title even where the sale is accomplished by fraud. (Com.Code § 2403, subd.

(2).)" (*Louis & Diederich, Inc. v. Cambridge European Imports, Inc.* at p. 1588.) There is no theft in the instant case. No victim deprived of money or property by theft or felonious taking. Accordingly, title lawfully passed to Remate.

The evidence will show that upon the sale of the Vehicle, LNB executed the original Certificate of Title and placed the Vehicle in the name of Remate. The sale was treated as a wholesale sale to a dealer Remate. LNB completed a Wholesale Report of Sale, required for such sales, and filed it with the DMV. The sale was completed on June 2, 2011, well before the February 1, 2012 seizure.

Zugasti, a principal of Remate, was aware that the Vehicle was put in Remate's name. There were dealer plates on the Vehicle when it was impounded by Irwindale Police Department and Zugasti identified himself as the owner of the vehicle. The Certificate of Title was delivered to Cecelia Saiden Mariscal ("Saiden"), another principal of Remate. Saiden identified the vehicle as a dealer asset, in fact inventory, when she delivered it and a copy of the Report of Sale to NextGear's representative Troy Rogers.

As Remate lawfully acquired an interest in the Vehicle so too did NextGear pursuant to the terms of its written Security Agreement. NextGear has a perfected security interest in the Vehicle that is superior to any interest the Government might assert. By definition, a "secured party" is a "person in whose favor a security interest is created or provided for under a security agreement, whether or not any obligation to be secured is outstanding." (Cal. *Comm. Code* § 9102(72)(A).) A "security agreement" means an agreement that creates or provides for a security interest." (Cal. *Comm. Code* § 9102(73).)

Under California law a security agreement "may create or provide for a security interest in after-acquired collateral." (Cal. *Comm. Code* § 9204( in pertinent part). An after-acquired property clause is no less valid than a security interest in collateral in which the debtor has rights at the time value is given. Section 9204 validates a security interest in the debtor's existing and (upon acquisition) future assets, even though the

debtor has liberty to use or dispose of collateral without being required to account for proceeds or substitute new collateral. (Official Comments to Cal. *Comm. Code* § 9204.)

NextGear's security interest had previously attached to the Vehicle when the Vehicle was seized. Attachment occurs when each of three events has taken place: (1) the secured party has possession of the collateral pursuant to an agreement, or the debtor has signed a security agreement describing the collateral, (2) the secured party has given value, and (3) the debtor has rights in the collateral. (*Bank of the West v. Commercial Credit Financial Services, Inc.* (9th Cir. 1988) 852 F.2d 1162, 1166.) Here Remate had signed a security agreement describing the collateral which included "a continuing security interest in all of [Remate's] assets and properties, wherever located, including without limitation, all Equipment of any kind or nature, all vehicles, vehicle parts, all inventory now owned or hereafter acquired, without limitation...." The Remate principals treated the Vehicle as inventory, not as a general dealer asset. Even if it was never on the lot for sale, it was exchanged for inventory in which NextGear had a security interest.

The Certificate of Title was retained by Remate consistent with usual dealer practices and applicable law regarding inventory, rather than submitted to the DMV for re-registration and re-titling in Remate's name (see Cal. *Veh. Code* §§5600 and 5906) as would be the case of a consumer or retail sale. Neither Zugasti nor Saiden submitted the title to the DMV as required for a consumer transfer of interest, nor did anyone from Remate, sign over the title to Escobedo. Rather, Saiden delivered the Certificate of Title to NextGear as additional security and to pay down Remate's inventory flooring credit line.

This conduct and supporting documents establish that Remate had ample interest in the Vehicle for NextGear's security interest to attach. California's Commercial Code does not require that a debtor own or hold title to collateral. Where a debtor has rights beyond naked possession, a security interest may attach. (*In Re Coupon Clearing*

*Service, Inc.* 113 F. 3d 1091, 1103 (9th Cir. 1997).) "[A] debtor who does not own collateral may nonetheless use the collateral for security, thereby obtaining 'rights in the collateral,' when authorized to do so by the actual owner of the collateral. (See *Comm. Code* § 9112, and Un.Com.Code comment; *Comm. Code* § 9105(1) (d), and Un.Com.Code comment 2.)" (*K.N.C. Wholesale, Inc. v. Awmco, Inc.* (1976) 56 Cal.App.3d 315, 318-19.) Regardless of whether the person conducting the purchase transaction was Luis Perez or Eddie Escobedo, Remate's interest in the Vehicle arose, when he signed purchase documents identifying Remate as the named buyer of the Vehicle.

NextGear gave value for the Vehicle in that it provided Remate with a $150,000.00, flooring line to fund Remate's inventory. Remate was in debt to NextGear in excess of $200,000 at the time the Vehicle was seized.

In the *Louis* case cited above, the Respondent argued that the dealer "Cambridge," under a court order to sell a specific vehicle and transfer the proceeds to Respondent, had no ownership interest to pledge as security. The *Louis* court found this argument to have no merit. "[The original seller] released its interest completely by delivering the car and the endorsed and dated pink slip to Cambridge in August. (*Veh. Code* §§ 5600, 5602; *Laureano v. Christensen* (1971) 18 Cal.App.3d 515, 95 Cal.Rptr. 872.) Cambridge was not required to make any DMV filing until it transferred ownership to another. (*Veh. Code* § 5906.) In the interim, Cambridge owned the car. (*Louis & Diederich, Inc. v. Cambridge European Imports, Inc.* (1987) 189 Cal.App.3d 1574, 1586.)

In short, NextGear has a perfected security interest in Remate's business assets, including the Vehicle, which takes priority over the government's claim to assets through forfeiture. (*U.S. v. Four Hundred Sixty Three Thousand Four Hundred Ninety Seven Dollars and Seventy Two Cents ($463,497.72) in U.S. Currency From Best Bank Account* (E.D. Mich. 2011) 779 F.Supp.2d 696, 707.)

///

C. <u>NextGear is an innocent owner.</u>

NextGear did not know and was reasonably without cause to believe that the vehicle was subject to forfeiture. (*U.S. v. Approximately $44,888.35 in U.S. Currency* 385 F. Supp. 2d 1057, 1062-1063 (E.D. Cal. 2005).) If the owner of the property can show that the funds were obtained from a legitimate sources or that the owner was an innocent owner, unaware or was reasonably without cause to know, of the property's connection with drug sales or its involvement in money laundering or currency transaction violations, then the property is not forfeitable. (Title 18 United States Code, Sections 981 (a)(1)(A); 983 (d); Title 21, United States Code, Section 881(a)(6); and Title 31, United States Code, Section 5317 (c); *United States v. Two Parcels of Real Property Located in Russell County, Alabama*, 92 F. 3d 1123, 1128 (11th Cir. 1996). NextGear is an innocent owner whose interest cannot be forfeited.

The Plaintiff has asserted in the past that Zugasti was not an innocent owner and therefore, NextGear cannot acquire an innocent interest. This argument is without merit. "Even those who purchase assets with money derived from drug transactions can be innocent owners, so long as they do not know the illegal source of the funds. (*United States v. 92 Buena Vista Ave.*, 507 U.S. 111, ——, 113 S.Ct. 1126, 1134, 122 L.Ed.2d 469 (1993) (Stevens, J., plurality opinion).) Indeed, it is only after an owner is shown to have purchased with illegitimate assets that the innocent owner defense even becomes an issue. Under the instruction, however, the innocent owner exception in section 881(a)(6) would only permit a claimant to preserve from forfeiture its interest in a piece of property if the claimant could first prove that the interest was not subject to forfeiture, *i.e.*, that it was not purchased with drug proceeds." (*U.S. v. Real Property Located at 20832 Big Rock Drive, Malibu, Cal. 902655* (9th Cir. 1995) 51 F.3d 1402, 1409-10.)

///
///
///

   D.   **Plaintiff cannot meet its burden to show that the Vehicle is subject to forfeiture.**

The vehicle was purchased by Remate. The Remate business documents are not forged. Perez/Escobedo acted as agent(s) for Remate. A CTR was filed. The cash was deposited into a single bank, a single bank account.

An intent to generally "stay under the radar," is not sufficient to establish an intent to evade reporting requirements. (*U.S. v. Sixty-one thousand nine hundred dollars and no cents ($61,900.00) seized from account number XXXXXX4429 held in the name of PRP Restaurant, Inc.* (E.D.N.Y. 2011) 802 F.Supp.2d 451, 470.)

Forfeiture actions cannot be based on "the government's suspicion" that drug crimes are being committed. (*See United States v. 28 Emery Street,* 914 F.2d 1, 5 (1st Cir.1990) [absent test results that substances were actually illegal drugs, the fact that untested substances were found and tools of the drug trade were seized is insufficient to grant summary judgment to government in forfeiture case even under pre-CAFRA standard under which the government only needs to establish probable cause for forfeiture]; and, *U.S. v. 434 Main Street, Tewksbury, Mass.* (D. Mass. 2013) 961 F.Supp.2d 298, 310.)

   E.   **A finding against NextGear would violate the letter and spirit of Civil Assert Forfeiture Reform Act of 2000 ("CAFRA").**

CAFRA should be construed in a manner that protects such institutions from unwarranted or disproportionate forfeitures. (*U.S. v. Real Property Located at 3234 Washington Ave. North, Minneapolis, Minn.* (8th Cir. 2007) 480 F.3d 841, 846.) Indeed, "[f]orfeitures are not favored; they should be enforced only when within both the letter and the spirit of the law. [citations.]" (*U.S. v. 434 Main Street, Tewksbury, Mass.* (D. Mass. 2013) 961 F.Supp.2d 298, 317.)

If the Vehicle is forfeited, who is punished here? Only NextGear, a legitimate business engaged in legitimate business operations. To add insult to injury, the evidence will show that as a result of Plaintiff's jumping the gun to grab this Vehicle,

thousands of dollars in vehicles directly subject to NextGear's security interest and available to repay Remate's debt, were removed from Remate's lot and no longer available to NextGear.

The sale transaction in question occurred four years ago, yet no one involved, Perez/Escobedo, Zugasti, Saiden or LNB have been charged much less convicted of any crime relating to that transaction. Unless the Vehicle is released to NextGear, the letter and spirit of CAFRA will be violated. Judgment should be entered in favor of NextGear.

DATED: May 12, 2015

PRENOVOST, NORMANDIN, BERGH & DAWE
A Professional Corporation


By: /s/ Paula M. Harrelson
TOM R. NORMANDIN
PAULA M. HARRELSON
Attorneys for NextGear Capital, Inc.

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 2122 North Broadway, Suite 200, Santa Ana, CA 92706-2614.

On May 12, 2015, I served true copies of the following document(s) described as **CLAIMANT NEXTGEAR CAPITAL INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Prenovost, Normandin, Bergh & Dawe's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Santa Ana, California.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 12, 2015, at Santa Ana, California.



Farida Baig

8443.0037 / 1134072.1

SACV13-907-DOC(JPR)

CLAIMANT NEXTGEAR CAPITAL, INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

## SERVICE LIST
## DSC v. U.S. Immigration
## SACV-12-01497-DOC (JPRx)

| | |
|---|---|
| **Lucas E. Rowe**<br>Assistant United States Attorney<br>**Christen Sproule**<br>Assistant United States Attorney<br>**John Kucera**<br>Assistant United States Attorney<br>United States Courthouse<br>312 North Spring Street, Suite 1400<br>Los Angeles, CA 90012<br>Telephone: (213) 894-5710<br>Facsimile: (213) 894-7177<br>E-mail: frank.kortum@usdoj.gov | Attorneys for the *UNITED STATES OF AMERICA* |

PRENOVOST, NORMANDIN, BERGH & DAWE
A Professional Corporation
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706-2614
Tel: (714) 547-2444 • Fax: (714) 835-2889

8443.0037 / 1134072.1

SACV13-907-DOC(JPR)
CLAIMANT NEXTGEAR CAPITAL, INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW