STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
CHRISTEN A. SPROULE (California Bar No. Pending)
Assistant United States Attorney
LUCAS E. ROWE (CBN: 298697)
Special Assistant United States Attorney
Asset Forfeiture Section
     Federal Courthouse, 14th Floor
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-4493
     Facsimile:  (213) 894-7177
     E-mail: Christen.A.Sproule@usdoj.gov
               Lucas.Rowe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>             v.<br><br>ONE 2006 LAMBORGHINI MURCIELAGO<br><br>             Defendant.<br>_____<br><br>NEXTGEAR CAPITAL, INC.,<br><br>             Claimant. | NO.  SACV 13-907 DOC(JPRx)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE CERTAIN EXHIBITS AS CONTAINING HEARSAY**<br><br>TRIAL: May 26, 2015<br>TIME:  10:00 a.m. |

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby gives notice that the

government hereby moves in limine to bar claimant Nextgear Capital, Inc. from introducing certain exhibits because they contain inadmissible hearsay.

A proposed order is lodged herewith.

DATED: May 14, 2015

STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

/s/ *Christen A. Sproule*
CHRISTEN A. SPROULE
LUCAS E. ROWE
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Plaintiff United States of America ("Government") respectfully submits this memorandum of points and authorities in support of its motion in limine to bar Claimant Nextgear Capital, Inc. ("Claimant") from introducing certain exhibits because they contain inadmissible hearsay.

## II.     STATEMENT OF FACTS

On June 14, 2013, the Government filed this in rem civil forfeiture action against one 2006 Lamborghini Murcielago bearing VIN ZHWBU26S9LA02025 (the "defendant asset") seized on January 15, 2012 in Los Angeles, California. (Dkt. 1.)

On May 8, 2015, the parties filed a joint exhibit list wherein each party set forth the exhibits it intends to use at trial. (Dkt. 46.) The Government set forth its objections to certain of the exhibits propounded by Claimant in the joint proposed Pre-Trial Order, and also submits this motion in limine to further present its arguments related to these inadmissible exhibits.

The Government objects to these exhibits as inadmissible hearsay without an exception:

| Claimant's Exhibit No. | Description |
|---|---|
| 7 | "Declaration of Cecelia [sic] Saiden Mariscal, dated 4/25/12" |
| 17 | "Irwindale Police Depart [sic] Vehicle Report 12-0076 regarding subject Lamborghini" |
| 18 | "Audio Recording of Irwindale Police Department impounding of Vehicle on 01/15/12" |
| 22 | "Email/Notes from LNB regarding deliver of title to Cecelia |
| 27 | "NextGear's Statement of Interest filed July 29, 2013" |
| 28 | "NextGear's Answer to Complaint filed July 29, 2013" |
| 29 | "Zugasti-Coria's Claim Opposing Forfeiture." |
| 30 | "Plaintiff's First Set of Special Interrogatories to Ernesto Zugasti-Coria." |

| 31 | "Claimant Ernesto Zugasti-Coria's Responses to Special Interrogatories Propounded by Plaintiff" |

(Dkt. 46 at 3-5.)

### III. ARGUMENT

"Hearsay" is a statement, other than one made by the declarant while testifying at the current trial or hearing, offered in evidence to prove the truth of the matter asserted. Federal Rule of Evidence 801(c). It is black letter law that hearsay is not admissible at a trial unless otherwise allowed by a federal statute or an exception to the hearsay rule applies. Rule 802.

All of the above exhibits contain inadmissible hearsay without an exception as discussed below.

### A. Declaration of Cecilia Saiden Mariscal

On April 25, 2012, Cecelia Mariscal ("Mariscal") purportedly signed a document entitled "Declaration of Cecilia Saiden Mariscal." This document contains a sentence stating that it is made "under penalty of perjury." Mariscal is not a party in this matter.

This document is textbook hearsay. It is not admissible pursuant to Rule 801(d)(1)(A), even if Mariscal provides inconsistent testimony at trial, because this prior statement was not made at a trial, hearing, other proceeding, or deposition. Similarly, even if Mariscal is not available at trial, this statement is not admissible pursuant to Rule 804(b) because it is not testimony at a trial, hearing, or deposition. Further, none of the Rule 803 exceptions apply to this statement. Finally, this statement is not a statement made against Mariscal's interest as she has a direct financial interest in satisfying her debt to Claimant, which would occur if Claimant could secure the defendant asset.

### B. Irwindale Police Report and Audio Recording

A police report or audio recording may qualify as a public record under Rule 803(8), but where a public record (e.g., police report) contains both matters personally observed by public officers *and* hearsay statements by third persons, only the former are admissible; the latter must be redacted before it can be admitted. *Miller v. Field*, 35 F.3d

4

1088, 1091 (6th Cir. 1994); *see Bemis v. Edwards*, 45 F.3d 1369, 1374 (9th Cir. 1995). Here, the Irwindale Police Report related to the seizure of the defendant asset contains hearsay statements of a "male Hispanic adult" and of "Raul Ernesto Zugasticoria." The audio recording too contains such third party statements. These statements are inadmissible hearsay that must be redacted before this police report and recording may be admitted into evidence.

### C. Emails and Notes from Lamborghini of Newport Beach

Emails and written notes made by a Lamborghini employee are inadmissible hearsay. These documents have not been provided to the Government. Nevertheless, there is no indication that any such notes or emails fall within the business records exception to the hearsay rule. It is essential for the exception to apply that it was made in furtherance of the business' needs, and not for the personal purposes of the person who made it. *Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 571 (D. Md. 2007).

### D. Claimant's Statement of Interest and Answer

To qualify as an admission under Rule 801(d)(2), the party's out-of-court statement must be offered *against* that party – a party cannot offer its own out of court statements as an admission. Thus, a party's out-of-court, self-serving, exculpatory statements may not be offered as substantive proof by that party. *Auto-Owners Ins. Co. v. Jensen*, 667 F.2d 714, 722 (8th Cir. 1981); *United States v. Wilkerson* 84 F.3d 692, 696 (4th Cir. 1996); *United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005). "Indeed, if such statements were deemed admissible under Rule 801(d)(2), parties could effectuate an end-run around the adversarial process by, in effect, testifying without swearing an oath, facing cross-examination, or being subjected to first-hand scrutiny by the jury." *United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005). Accordingly, Claimant's Answer and Statement of Interest submitted in this case are inadmissible hearsay.

### E.  The Government's Special Interrogatories to Ernesto Zugasti

Claimant seeks to enter into evidence the special interrogatories that the Government propounded upon prior claimant Ernesto Zugasti-Coria ("Zugasti"). Zugasti withdrew his claim and was terminated from this action on April 24, 2015.

The questions that the Government propounded upon another claimant in the discovery process are completely irrelevant to the issues of law and fact raised in this trial. Moreover, Claimant cannot lay a foundation for this document without calling a Government attorney as a witness, which is wholly improper and unnecessary. Accordingly, the Court should bar Claimant from introducing these discovery requests at trial.

### F.  Zugasti's Claim and Interrogatory Responses.

Prior claimant Zugasti filed a claim opposing forfeiture on September 11, 2013 (Dkt. 12), and Responses to the Government's Special Interrogatories on November 20, 2013. Claimant now seeks to introduce them at trial.

These documents are comprised entirely of inadmissible hearsay. They are not admissible pursuant to Rule 801(d)(1)(A), because they were not made at a trial, hearing, other proceeding, or deposition. Similarly, even if Zugasti is not available at trial, these statements are not admissible pursuant to Rule 804(b) because, again, they are not testimony at a trial, hearing, or deposition. Further, none of the Rule 803 exceptions apply to this statement. Finally, the statements in these documents are not statements made against Zugasti's interest as he was, in fact, attempting to further his own interests by filing this claim and asserting his interest in the defendant asset. Accordingly, these documents must be excluded as inadmissible.

///

///

## IV.  CONCLUSION

Accordingly, the Court should bar the Claimant from offering the above-listed documents at trial because they are inadmissible hearsay.

DATED: May 14, 2015

Respectfully submitted,

STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

   /s/*Christen A. Sproule*
CHRISTEN A. SPROULE
LUCAS E. ROWE
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA