PRENOVOST, NORMANDIN, BERGH & DAWE
A Professional Corporation
TOM R. NORMANDIN, SBN 102265
tnormandin@pnbd.com
PAULA M. HARRELSON, SBN 167438
pharrelson@pnbd.com
2122 North Broadway, Suite 200
Santa Ana, California 92706-2614
Phone No.: (714) 547-2444
Fax No.:   (714) 835-2889

Attorneys for NextGear Capital, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>     v.<br><br>ONE   2006   LAMBORGHINI MURCIELAGO,<br><br>             Defendant. | Case No. SACV13-907-DOC(JPR)<br><br>**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE**<br><br>Date:   May 26, 2015<br>Time:   10:00 a.m.<br>Crtrm.: 9-D<br><br>The Hon. David O. Carter |

Claimant NextGear Capital, Inc. ("NextGear") hereby opposes Plaintiff's Motion *in Limine* ("Motion") to Exclude Evidence of NextGear's claim of ownership of the defendant vehicle on the following procedural and substantive grounds:

1. Plaintiff failed to meet and confer before filing the Motion, as required by Local Rule 7-3;

2. The Motion is a disguised Motion for Summary Judgment;

3. The Motion is untimely;

4. NextGear's initial pleadings (Answer and Statement of Interest) were sufficient to put Plaintiff on fair notice that as a claimant, NextGear was an "owner" of the defendant vehicle within the so-called "innocent owner defense";

Amendments are to be liberally permitted (Fed. Rules Civ. Proc., Rule 15), and Plaintiff will not suffer prejudice if the magic words "innocent owner defense" is

inserted into the Answer; and, Plaintiff expressly or impliedly consented to an amendment of Plaintiff's Answer in the Joint Rule 26(f) Report.

I. **Plaintiff Failed to Meet and Confer, the Motion is a Disguised Motion for Summary Judgment and the Motion is Untimely.**

Central District Local Rule 7-3 requires a conference of Counsel Prior to Filing of Motions:

> In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) and applications for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion. If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect:
> "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

C.D.L.R. 7-3

No such conference ever took place. Nor did Plaintiff ever make such a request. Furthermore, the Motion, in seeking to exclude all evidence relating to a defense is an improperly disguised motion for summary judgment. It is also untimely. The Court's Scheduling Order warns:

> All motions (except motions *in limine* dealing with admissibility of evidence) must be disposed of before the Pretrial Conference. **A motion *in limine* may not be used as**

> **a substitute for a summary judgment motion. All motions
> *in limine* must be filed no later than the date on which the
> PTCO is lodged with the Court**; oppositions to motions *in
> limine* must be filed no later than 7 days prior to the PTC.

(Dkt No. 21, emphasis supplied.)

Plaintiff's motion was filed four days after the PTCO was lodged with the Court. Because Plaintiff failed to meet and confer before filing this disguised motion for summary judgment, and because it was filed after the PTCO was lodged with the Court, this Motion should be denied.

## II. Plaintiff Has Had Sufficient Notice of NextGear's Intent to Raise the Issue of Its Ownership (Security Interest) In The Defendant Vehicle And Expressly or Impliedly Consented To An Amendment of the Pleadings When It Signed the Joint Rule 26(f) Report Filed with the Court on February 28, 2014, more than a year ago.

Plaintiff judicially admits in its Complaint (Dkt No. 1, ¶13) that "DSC [now NextGear] was a creditor of Remate." Plaintiff also places in issue that "neither DSC nor NextGear Capital have a valid security interest in the defendant vehicle." (*Id.*) In its Answer, NextGear denied the allegation that it had no interest in the defendant Vehicle and affirmatively alleged that it is a secured creditor of Remate. (Dkt. No 7, ¶ 13.)

NextGear's assertion in its Answer of being a "secured creditor" is sufficient to raise the "innocent owner defense". A secured creditor is a specific owner under the innocent owner defense subsection of 18 U.S.C. §983(d)(6)(A):

> "[O]wner" "means a person with an ownership interest in the
> specific property sought to be forfeited, including a
> leasehold, lien, mortgage, recorded security interest, or valid
> assignment of an ownership interest..."

PRENOVOST, NORMANDIN, BERGH & DAWE
A Professional Corporation
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706-2614
Tel. (714) 547-2444 • Fax (714) 835-2889

Parties are not required to use any precise or magical words in their pleading. (*Stevenson v. City of Seat Pleasant, Md.* (4th Cir. 2014) 743 F.3d 411, 418; See also *U.S. v Davis* (1st Cir. 2001) 261 F. 3d 1, 45 n.40 [party need not use magic words "declaratory judgment" in its pleadings to put defendants on notice that its claims could be resolved on grant of declaratory relief].)

The allegation that NextGear is a "secured creditor" in both the Complaint and Answer is sufficient to preserve the right to raise this defense but even if it were not, NextGear set forth in detail the factual basis for this defense in its Statement of Interest, *filed simultaneously with NextGear's Answer* on July 29, 2013. (Dkt. No 8.) The "Statement of Interest" also referred to as "Claim" is the required statement of a claim by a party in forfeiture matters. *U.S. v. Thirty One Thousand Eight Hundred Fifty Two Dollars and Thirty Eight Cents ($31,852.38) In U.S. Currency* (3d Cir. 2006) 183 Fed.Appx. 237, 240 ("The verified statement of interest serves as the means of establishing statutory standing in forfeiture actions.").; see also Fed. R. Civ. Pro. Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture, Rule G (5)(a) and Rule C. Under Rule G(5) the filing of both a claim and an Answer is required.

The Advisory Committee Notes to FRCP Supplemental AMC Rule G state the Paragraph (a) establishes that the first step of contesting a civil forfeiture action is to file a claim. A claim is required by 18 U.S.C. § 983(a)(4)(A) for actions covered by § 983. Paragraph (a) applies this procedure as well to actions not covered by § 983. "Claim" is used to describe this first pleading because of the statutory references to claim and claimant. It functions in the same way as the statement of interest prescribed for an admiralty proceeding by Rule C(6), and is not related to the distinctive meaning of "claim" in admiralty practice.

In the Statement of Interest, NextGear exhaustively sets forth, under penalty of perjury, the documentary evidence establishing that it is an innocent flooring lender who is claiming a security interest in the defendant vehicle.

Any reasonable reading of the NextGear's Answer and Statement of Interest discloses the factual underpinnings of the so-called "innocent owner defense". It strains credibility for Plaintiff to claim that somewhere along the way NextGear had "abandoned" or "was not asserting" its claim of ownership in the defendant vehicle.

The court may treat a Statement of Interest as a counterclaim and treat the pleading as if it were correctly designated. "If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so. (Fed. Rules Civ. Proc., Rule 8(c)(2).)

The Declaration of Paula M. Harrelson ("Harrelson Dec.") and attached exhibits, filed with this Opposition, clearly establish that the missing magic words "innocent owner defense" have not deprived Plaintiff of fair notice and that justice requires that the Answer and Statement of Interest be treated as if the defense were otherwise alleged.

On December 31, 2013, in response to a request from Assistant U.S. Attorney Frank Kortum, NextGear sent a detailed communication to Mr. Kortum setting forth the factual and legal basis for NextGear's defense.

On January 8, 2014, NextGear responded to discovery which set forth facts, witnesses, documents and the legal theories under which NextGear asserted its claim to the defendant vehicle. NextGear also produced all the material documents in support of its claim.

On June 5, 2104, Plaintiff was sent a copy of NextGear's Mediation Letter to Robert Logan which again recited in detail NextGear's defense and evidence in support thereof. Plaintiff has had ample and unequivocal notice of NextGear's defense.

Plaintiff contention that it would have made different decisions regarding taking depositions of NextGear's witnesses is preposterous. Over the course of two years of litigation and one continuance of trial and discovery and the abundance of pleadings and communications identified above on precisely this topic, Plaintiff did not take any

depositions at all. Other than the Special Interrogatories, ***Plaintiff conducted no other discovery in this matter***. Plaintiff did not take a single deposition of NextGear or any of its employees.

For the Plaintiff to claim that it made decisions to forego discovery of NextGear's witnesses based on a belief that the defense was abandoned is patently ludicrous. At no time did Plaintiff conduct any discovery specific to any of NextGear's other affirmative defenses. The so-called "innocent owner defense" is the sole reason NextGear is in this case and Plaintiff is, and all along has been, well aware of that.

### III. NextGear has not been Dilatory in Amending its Pleadings and Good Cause Exists to Allow on Amendment.

The magic words "innocent owner defense" was utilized at the inception of the case and did not come to anyone's attention until the Motion was served three days ago. If the Court does not agree that the pleadings suffice to assert this defense, there is good cause to amend the Scheduling Order and allow the amendment and deny this Motion. NextGear had filed a Statement of Interest which factually set forth the basis for this defense concurrently with its Answer. The was no bad faith or dilatory tactics. Moreover, NextGear understood that the case was settling. Mr. Kortum appeared in court on more than one occasion and made reference to the parties' pending settlement. NextGear understood that formal approval of the settlement worked out between the parties was pending. The Plaintiff treated the case as settling as well.

Plaintiff never requested a meeting of counsel before Final Pre-Trial Conference as required by C.D. L.R. 16-2. See Harrelson Dec. ¶¶ 8-12, Ex. 7. If such a meeting had occurred Parties would have had time to correct the pleadings or work out any issues well before trial.

Instead, Plaintiff plays a "gotcha" game the same way Plaintiff suddenly rejected the settlement at the last minute after Mr. Kortum was replaced as trial counsel and the same way Plaintiff has brought this motion instead of meeting and conferring as required by C.D. L.R. 16-2.

PRENOVOST, NORMANDIN, BERGH & DAWE
A Professional Corporation
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706-2614
Tel. (714) 547-2444 • Fax (714) 835-2889

Justice demands that the court deny Plaintiff's motion and permit NextGear to amend, if the court requires it to use the words "innocent owner defense". A party may amend its pleading with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires. (Fed. Rules Civ. Proc., Rule 15.) Further, the court may permit the pleadings to be amended even at trial. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence. (Fed Rules Civ. Proc., Rule 15.)

The Supreme Court said it best. "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." (*Foman v. Davis* (1962) 371 U.S. 178, 182; see also, *S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Building 1 Housing Development Fund Co., Inc.* (2d Cir. 1979) 608 F.2d 28, 42.)

The "touchstone question" in considering a motion to amend is whether the non-moving party will be prejudiced if the amendment is allowed. Prejudice under Rule 15 means undue difficulty in prosecuting or defending a lawsuit as a result of a change in

tactics or theories on the part of the other party. (*U.S. v. 2001 Honda Accord EX VIN #1HGCG22561A035829* (M.D. Pa. 2003) 245 F.Supp.2d 602, 613.)

There is no change in tactics or theory here. It is the same theory and tactics from the start. Witnesses have long been identified. Material documents have been identified and/or produced. Legal theory has been reiterated. (Harrelson Dec. ¶¶ 5-6, Exhibits 4-5.)

Plaintiff cannot in any rational world claim that it had no notice of NextGear's so called innocent owner defense. Pleadings, correspondence and discovery responses all announce NextGear's claim that it is a entitled to the defendant vehicle as a secured creditor of Remate.

In any event, the so-called "innocent owner" defense is not one of the waivable affirmative defenses listed in Rule 8(c)(1) which contains a nonexhaustive list of affirmative defenses that are waived if not pled in the answer. If the following matters are not raised in the answer, they are deemed waived:

- accord and satisfaction;
- arbitration and award;
- assumption of risk;
- contributory negligence;
- duress;
- estoppel;
- failure of consideration;
- fraud;
- illegality;
- injury by fellow servant;
- laches;
- license;
- payment;
- release;

- res judicata (claim preclusion or issue preclusion);
- statute of frauds;
- statute of limitations; and
- waiver.

(Fed. Rule Civ. Proc., Rule 8(c)(1).)

The unpublished Colorado district court case, *USA v 5910 South Ogden Court* (2012 Colo.) 2012 WL 4748030, cited by Plaintiff for waiver of the defense is not controlling, has not been cited by anyone and the facts are inapposite. ***In that case, the court found that amendment would be futile because the innocent owner defense was not available to the claimant.*** (*5910 South Ogden Court* at p. 1.) The claimant, Ana Orozco was found to "'[know] a lot about Sam Orozco's drug business' and was present at the Defendant property when drug couriers arrived to pick up vehicles loaded with cocaine." (*Id.*) The factual positions of commercial lender NextGear and the drug dealer's consort Ana Orozco could not be farther apart. The court should disregard the *South Ogden Court* case.

### IV. Conclusion

For the foregoing reasons, NextGear respectfully requests that Plaintiff's Motion *in Limine* be denied, that the court allow NextGear to introduce evidence of its secured interest in the defendant vehicle, *i.e.*, the so-called "innocent owner defense".

DATED: May 14, 2015   PRENOVOST, NORMANDIN, BERGH & DAWE
A Professional Corporation

By: /s/ Paula M. Harrelson
TOM R. NORMANDIN
PAULA M. HARRELSON
Attorneys for NextGear Capital, Inc.

8443.0037 / 1143259.1                     9                    SACV13-907-DOC(JPR)
OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 2122 North Broadway, Suite 200, Santa Ana, CA 92706-2614.

On May 14, 2015, I served true copies of the following document(s) described as **OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Prenovost, Normandin, Bergh & Dawe's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Santa Ana, California.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 14, 2015, at Santa Ana, California.

_____
Farida Baig

1

**SERVICE LIST**
DSC v. U.S. Immigration
**SACV-12-01497-DOC (JPRx)**

**JOHN KUCERA**  
Assistant United States Attorney  
**CHRISTINE SPROULE**  
Assistant United States Attorney  
**LUCAS E. ROW**  
Assistant United States Attorney  
United States Courthouse  
312 North Spring Street, Suite 1400  
Los Angeles, CA 90012  
Telephone:  (213) 894-5710  
Facsimile:  (213) 894-7177  
E-mail:  frank.kortum@usdoj.gov

Attorneys for the *UNITED STATES OF AMERICA*