STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
CHRISTEN A. SPROULE (California Bar No. Pending)
Assistant United States Attorney
LUCAS E. ROWE (CBN: 298697)
Special Assistant United States Attorney
Asset Forfeiture Section
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone:  (213) 894-4493
   Facsimile:  (213) 894-7177
   E-mail: Christen.A.Sproule@usdoj.gov
            Lucas.Rowe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ONE 2006 LAMBORGHINI MURCIELAGO<br><br>Defendant.<br>_____<br><br>NEXTGEAR CAPITAL, INC.,<br><br>Claimant. | NO.  SACV 13-907 DOC(JPRx)<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO AFFIRMATIVE DEFENSE NOT ASSERTED IN ANSWER**<br><br>TRIAL: May 26, 2015<br>TIME:  10:00 a.m. |

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff United States of America (the "Government") respectfully submits this memorandum of points and authorities in reply to the opposition of Claimant to the Government's Motion in Limine to Exclude Evidence Related to the Affirmative Defense Not Asserted in Answer (Dkt. 57, hereafter the "Cl.'s Opp.").

## II.    ARGUMENT

### A.    Innocent Ownership Is an Affirmative Defense That Must Be Alleged in the Answer or It Is Waived.[1]

Despite Claimant's assertion to the contrary, it is black letter law that the innocent owner defense in forfeiture actions is an affirmative defense as defined by Federal Rule of Civil Procedure 8(c).  *See, e.g.*, *United States v. Ferro*, 681 F.3d 1105, 1109, 1110 (9th Cir. 2012) (discussing "innocent owner affirmative defense"); *United States v. Munson*, 477 Fed. Appx. 57, 65 (4th Cir. 2012) (same); *United States v. 15 Bosworth Street*, 236 F.3d 50, 55-56 (1st Cir. 2001) (same); *United States v. Land, Property*

---

[1]  Claimant repeatedly and irrelevantly references the failed settlement negotiations between the parties.  (Cl.'s Opp, at 6.)  Claimant even dramatically accuses the Government of playing a "gotcha' game" by "suddenly reject[ing] the settlement at the last minute after Mr. Kortum was replaced as trial counsel."  (*Id.*)

Claimant was well aware of the policy of the U.S. Attorney's Office that any settlement had to be approved by the Chief of the Asset Forfeiture Section.  Claimant states that "NextGear understood that formal approval of the settlement . . . was pending."  (*Id.*)  In fact, counsel herself, in her Declaration, states that she was aware that the settlement was not final, stating that all parties had been informed by Mr. Kortum that the "tentative settlement [was] pending final approval by his supervisor."  (Cl.'s Opp., Harrelson Decl. at ¶ 8.)  This "tentative settlement" Harrelson references was still pending on April 20, 2015, by her own admission.  (*Id.*)  Counsel for NextGear was informed only one week later, on the morning of April 27, 2015, that the settlement had not received final approval.  It is unclear why Counsel believes it is unfair that the Government, after making all parties, and the Court, aware of its policies, simply followed them.  Indeed, an attorney who ceases to properly prepare her case because of the existence of a "tentative settlement" does so at her own peril.

Moreover, such an issue is irrelevant as to whether Claimant properly and timely pled its affirmative defense in its Answer.  It seems that the only purpose for this argument is to desperately and inappropriately cast personal aspersions upon Government counsel.  The Court should reject such distasteful tactics.

*Recorded in Name of Neff*, 960 F.2d 561, 563 (5th Cir. 1992) (same).

Moreover, Claimant attempts to argue that the innocent owner defense is excluded by Rule 8(c) because it is not expressly included.  However, Rule 8(c) states that "[i]n responding to a pleading, a party must affirmatively state *any* avoidance or affirmative defense, including . . . ."  Fed. R. Civ. P. 8(c)(1) (emphasis added).  Indeed, the U.S. Supreme Court has found that the list of example affirmative defenses set forth in Rule 8(c) is not meant to be exhaustive.  *Jones v. Bock*, 549 U.S. 199, 166 (2007).  In categorizing unlisted affirmative defenses, courts have found that a legal principle that shifts the burden of proof to the defendant is an affirmative defense.  *See, e.g.*, *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856 (7th Cir. 2012); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).  As such, by its very terms, the "Innocent Owner Defense," as it is defined by 18 U.S.C. § 983(d), is an affirmative defense because it requires shifting the burden of proof from the Government to the Claimant, requiring that "[t]he claimant shall have the burden of proving that the claimant is an innocent owner by a preponderance of the evidence."  Accordingly, because of this plain language, courts, including the U.S. Court of Appeals for the Ninth Circuit, uniformly have found that the innocent owner defense is an affirmative defense included in Rule 8(c).  *See, e.g.*, *Ferro*, 681 F.3d at 1109, 1110.

In furtherance of its faulty argument, Claimant baldly misstates the holding of the court in *United States v. 5910 South Ogden Court*, No. 12-2539, 2012 WL 4748030, at *3 (D. Colo. May 3, 2012).  Specifically, Claimant asserts, in bold type, that "[i]n that case, the court found that amendment would be futile because the innocent owner defense was not available to the claimant."  (Cl.'s Opp. at 9.)  But, in fact, the *Ogden* court held the *opposite* of what Claimant maintains—that based upon its finding that the claimant's proposed amendment to add the affirmative defense of innocent ownership was "unduly delayed and would significantly prejudice the United States . . . it is *not* necessary for the Court to proceed to analyze whether the proposed amendment is also

futile." *Ogden*, 2012 WL 4748030, at \*3 (emphasis added).  Given its misleading statements as to the holding of this case, Claimant's arguments on this point should be disregarded.

Moreover, contrary to Claimant's assertion, the facts of *Ogden* mirror the facts of the case here.  Namely, the attorney for the claimant in *Ogden* admitted error by not properly pleading the affirmative defense of innocent ownership in its Answer; the *Ogden* claimant argued that the Government had received implied notice of its affirmative defense through communications and discovery responses; the *Ogden* claimant offered no sufficient reason as to why it did not conform with the deadline to amend its pleadings as set forth in the court's scheduling order; and the Government in *Ogden* forewent certain discovery based upon its reliance on the pleadings.  *Id*. at \*1, \*3.

Accordingly, just as in *Ogden*, because no good cause exists for the undue delay of the Claimant in amending its Answer to plead the affirmative defense of innocent ownership, the Court should not allow the modification of the scheduling order and the amendment of the Answer, and should exclude the presentation of evidence related to the unpled affirmative defense at trial.

**B.**   **Leave to Amend Under Rule 15(a) Should Not Be Granted Because of the Prejudice It Would Cause the Government.**

Claimant is correct that of all the factors requiring the denial of a motion to amend a pleading, "[p]rejudice is the touchstone of the inquiry under rule 15(a)."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  Here, the Government has made significant discovery and investigative decisions based upon its fair reliance on the pleadings.  Claimant asserts that this is "preposterous" and "patently ludicrous" and asserts that the Government was somehow lazy or inept in its preparation of this case.  (Cl.'s Opp. at 5-6.)  This could not be further from the truth.  The Government served discovery upon all the parties in the action (in contrast to Claimant's assertion that "Plaintiff conducted no other discovery in this matter" beyond the

interrogatories propounded upon Claimant (Cl.'s Opp at 5)).  Moreover, the Government has conducted significant investigation in this matter outside of the discovery process.  Claimant is correct that the Government "did not take a single deposition of NextGear or any of its employees."  (Cl.'s Opp. at 5.)  But, rather than demonstrating that the Government was somehow ineffectual, this shows that the Government placed its reliance upon the pleadings in its determination that any deposition of a NextGear employee would be irrelevant to the well-pled issues in the case.  Because of its lost opportunities to conduct discovery, to fully investigate, and to file dispositive motions regarding the unpled innocent owner affirmative defense, allowing the introduction of evidence related to this issue at trial would cause unfair and serious prejudice to the Government.

Claimant argues that no prejudice will result because the Government was on notice of its unpled affirmative defense as the Government had "sufficient notice" based merely upon the Statement of Interest, a letter, and its responses to interrogatories.  (Cl.'s Opp. at 3-5.)  However, these three things cited by Claimant occurred *before* the Court's June 1, 2014 deadline to amend the pleadings.  (Dkt. 21.)  Because no such motion to amend was ever made, the Government fairly relied upon the final Answer and assumed that this affirmative defense had been abandoned by Claimant.

Moreover, Claimant argues that the use of the phrase "NextGear is a secured creditor of Remate" in a denial in its Answer is "sufficient to raise the 'innocent owner defense.'"  (Cl.'s Opp. at 3.)  It is well-established law, however, that a pleading must give "fair notice" of the claim being asserted and the "grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002); *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 908 (9th Cir. 2011).  Claimant's Answer falls far short of this requirement.

## C.     Claimant Has Not Established Good Cause Under Rule 16(b) or Met the Requirements of Rule 15(a).

Where a party is aware of the facts and circumstances of an affirmative defense from the outset of a case, that party bears the consequences of its decision not to include those allegations in its pleading.  In *In re W. States Wholesale Natural Gas Antitrust Litig.*, the U.S. Court of Appeals for the Ninth Circuit held that the district court did not abuse its discretion in refusing modification of the scheduling order to allow amendment of the pleadings because "[t]he good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action."  715 F.3d 716, 737 (9th Cir. 2013); s*ee also, e.g.*, *Trans-Spec Truck Service, Inc. v. Caterpillar Inc.*, 524 F.3d 315, 327 (1st Cir. 2008); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 718 (8th Cir. 2008).  Indeed, Claimant's concession that its innocent owner defense was evident in its discovery responses suggests that Claimant "knew or should have known of the facts upon which the proposed amendment is based[.]"  *Las Vegas Ice & Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1185 (10th Cir. 1990) (finding that delay was undue under Rule 15(a) when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original [pleading]").

Here, Claimant's counsel admits, "NextGear's failure to expressly allege the words "innocent owner" defense im [sic] the Answer was inadvertent attorney error." (Cl.'s Opp., Harrelson Decl. at ¶ 2.)  Attorney error is not an excuse for undue delay under Rule 15(a).  *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 954 (9th Cir. 2006) (finding that "oversight by counsel" is insufficient justification for undue delay).  Similarly, in *Ogden*, the district court found that claimant's counsel admitted "inartful omission," of the innocent owner affirmative defense in its Answer was neither "good cause" under Rule 16(b) or an excuse for "undue delay" in Rule 15(a).  *Ogden*,

2012 WL 4748030, at *2-3.

Here, the Claimant should not be entitled to benefit from its blunder.  Where, because of the errors of Claimant's counsel, the Government has made case-related decisions to forego discovery irrelevant to the final, unamended pleadings, fairness requires that the Claimant bear the cost of its error, not the Government.

**D.      This Motion Is Timely.**

Claimant argues that the Government's Motion in Limine is untimely because it was filed four days after the Pre-Trial Order was filed with the Court.  (Cl.'s Opp. at 2-3.)  However, it was only after receiving Claimant's submission for this Order that the Government became aware that the Claimant intended to advance this unpled theory at trial.  It is common sense that the Government could not file such a motion until after it was made so aware.

Next, Claimant argues, without any substantive argument or legal citation, that the Government's motion is an "improperly disguised motion for summary judgment."  This argument, too, is easily dismissed.  A motion for summary judgment under Rule 56 is granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  In this motion, the government makes no such argument based upon the facts at issue.  Rather, the Government simply moves to limit the trial to the well-pled issues in the pleadings.

Finally, the Claimant argues that the parties failed to properly meet and confer regarding the substance of the motion.  However, the issue in this motion is not one that could be resolved by the parties, as contemplated by Local Rule 7-3, because leave of the Court is required to amend the Scheduling Order under Rule 16(b).  Moreover, given the short time before trial, the Government acted prudently by filing this motion as quickly as possible after it learned of the Claimant's intent to assert an unpled defense at trial so as to provide proper notice of the issue to the Court and fair time for the Claimant to respond.

### III.   CONCLUSION

Allowing Claimant to assert, for the first time, on the eve of trial, with no adequate explanation, the affirmative defense of innocent ownership would cost the Government and the Court considerable time and expense in the way of additional discovery and renewed dispositive motions.  In light of the impending trial, the Court should find that Claimant's attempt to amend its Answer via the Pre-Trial Order is barred by Rules 15 and 16.  Accordingly, the Court should exclude all evidence related to the affirmative defense of innocent ownership at trial.

DATED: May 18, 2015                    Respectfully submitted,

                                       STEPHANIE YONEKURA
                                       Acting United States Attorney
                                       ROBERT E. DUGDALE
                                       Assistant United States Attorney
                                       Chief, Criminal Division
                                       STEVEN R. WELK
                                       Assistant United States Attorney
                                       Chief, Asset Forfeiture Section

                                          /s/
                                       CHRISTEN A. SPROULE
                                       LUCAS E. ROWE
                                       Assistant United States Attorneys

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA