PRENOVOST, NORMANDIN, BERGH & DAWE
A Professional Corporation
TOM R. NORMANDIN, SBN 102265
tnormandin@pnbd.com
PAULA M. HARRELSON, SBN 167438
pharrelson@pnbd.com
2122 North Broadway, Suite 200
Santa Ana, California 92706-2614
Phone No.: (714) 547-2444
Fax No.:    (714) 835-2889

Attorneys for NextGear Capital, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ONE 2006 LAMBORGHINI MURCIELAGO,<br><br>Defendant. | Case No. SACV13-907-DOC(JPR)<br><br>**CLAIMANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE CERTAIN EXHIBITS (NO. 2)**<br><br>Date:   May 26, 2015<br>Time:  10:00 a.m.<br>Crtrm.: 9-D<br><br>The Hon. David O. Carter |

Clamant NextGear Capital, Inc. ("NextGear") opposes Plaintiff's Motion *in Limine* No. 2 to Exclude Certain Exhibits (the "Motion"). The Motion is both premature and unnecessary. Moreover, sufficient foundation exists for the admissibility of each of the Exhibits identified in Plaintiff's motion.

I. **BACKGROUND FACTS.**

This is a civil forfeiture complaint for a 2006 Lamborghini ("the Vehicle"). Claimant NextGear is a first priority, secured creditor of NCA International Services, Inc. dba Remate del Monte ("Remate"), the legal owner of the Vehicle. As a secured creditor, without knowledge of any unlawful activity, NextGear is an "innocent owner" as defined by 18 U.S.C. §983(d). The statutory basis for the

alleged forfeiture is alleged "structuring," pursuant to 31 U.S.C. §5317, of the sale of the Vehicle from auto dealer Lamborghini Newport Beach ("LNB") to Remate.

Former claimant Raul Ernesto Zugasti-Coria ("Zugasti") was an owner and Vice-President of Remate. Zugasti filed a Claim Opposing Forfeiture and responded to interrogatories propounded by Plaintiff. Zugasti subsequently refused to answer questions at deposition, citing the Fifth Amendment. At last inquiry, Zugasti was still in custody of Immigration and Customs Enforcement ("ICE"), and even if arrangements could be made for him to attend trial, it must be assumed he would maintain his silence, citing his Fifth Amendment privilege.

The evidence that NextGear may introduce at trial is relevant to establish its innocent owner defense. The documents sought to be admitted relate to Remate's ownership of the defendant vehicle, and consequently, NextGear's lien rights to the defendant Vehicle.

## II. THE COURT SHOULD DEFER RULING ON THIS MOTION BECAUSE THIS IS A BENCH TRIAL WITH NO JURY TO CONSIDER.

It is true that a motion *in limine*, if granted, is the surest way to prevent inadmissible and prejudicial evidence from being seen or heard by the jury. (Rutter Group Prac. Guide Fed. Civ. Trials & Ev. Ch. 4-F.) However, this is a bench trial. The eyes and ears that the evidence is to be kept from are the very same eyes and ears considering the evidence on this motion. There is little point to this motion.

At least one court has gone so far as declare that in a bench trial, a motion *in limine* is both unnecessary and inappropriate. (*Cramer v. Sabine Transp. ¥Co.* (S.D. Tex. 2001) 141 F.Supp.2d 727, 733.) "Motions *in limine* are intended to prevent allegedly prejudicial evidence from being so much as whispered before a jury prior to obtaining the Court's permission to broach the topic. In a bench trial, such procedures are unnecessary, as the Court can and does readily exclude from its

consideration inappropriate evidence of whatever ilk." (*Cramer v. Sabine Transp. Co., supra*, 141 F.Supp.2d at 733; see also, *Singh v. Caribbean Airlines Ltd.* (S.D. Fla., Jan. 28, 2014, 13-20639-CIV) 2014 WL 4101544, at 1 ["The rationale underlying pre-trial motions *in limine* does not apply in a bench trial, where it is presumed the judge will disregard inadmissible evidence and rely only on competent evidence. *Id.* In fact, courts are advised to deny motions *in limine* in non-jury cases. *See* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2411 (3d ed. 2008).]".)

Similarly, this motion is premature. A ruling on this motion may be made, if appropriate, when the evidence is sought to be introduced. Therefore, the Court is respectfully requested to defer ruling on Plaintiff's motion *in limine* No. 2 until trial.

## III. THE EVIDENCE SOUGHT TO BE EXCLUDED IN PLAINTIFF'S *IN LIMINE* MOTION NO. 2, IS ADMISSIBLE EVIDENCE.

Plaintiff's motion is otherwise not well taken as it seeks to exclude relevant, admissible evidence identified in NextGear's Exhibit List.[1]

### A. Declaration of Cecilia Saiden Mariscal (Exhibit 107).

Cecelia Saiden Mariscal ("Mariscal") was the president and an owner of Remate. In a declaration under oath ("Mariscal's Declaration"), Mariscal affirmed that the defendant Vehicle was acquired by Remate for its inventory in the summer

---

[1] An exhibit list is meant to contain all of the exhibits a party may offer at trial. It does not include documents that may be used for impeachment, but trial practice authorities caution "[d]o not exclude documents from the exhibits list unless you are confident the court will conclude they were withheld in good faith. If the trial court thinks a document was improperly withheld (*e.g.*, for "tactical purposes"), the document may be excluded or, worse yet, you may be admonished by the court in front of the jury." (Rutter Group Prac. Guide Fed. Civ. Trials & Ev. Ch. 1-G). NextGear takes this caution to heart.

of 2011. It is expected that at trial, Mariscal will reaffirm that the defendant Vehicle was indeed inventory of Remate. If she does not reaffirm, NextGear intends to use Mariscal's Declaration either to refresh her recollection or to impeach her.

Also, witness Troy Rogers, an employee of NextGear, will be examined as to the circumstances under which Mariscal's Declaration was obtained. Mariscal's Declaration should not be excluded prior to giving NextGear an opportunity to lay a foundation for its introduction, nor should it be excluded in any event, given its potential value in refreshing Mariscal's memory or, if necessary, impeaching her testimony at trial.

### B. Police Department Report and Recording (Exs. 117 and 118).

Under FRE Rules 902(4), 803(8)(A)(ii), and 1005, a certified copy of a police report may be offered into evidence. The Irwindale Police Report (the "Police Report") contains matters observed pursuant to a duty imposed by law, as to which matters there was a duty to report. For example, the Police Report reflects the reporting officer's observation that the license plate on the defendant Vehicle was for a dealer with license number 53154, the same dealer's license number issued by California's DMV to Remate. The Police Report portion containing the officer's observations falls squarely within Rule 803(8)(A)(ii).

With respect to the statement of Zugasti contained within the Police Report that he was the owner of the defendant vehicle, such statements are not only admissible under Rule 803(8)(A)(ii), *supra*, but are also admissible as exceptions to the Hearsay Rule as (1) an admission of a party opponent under Rule 801(d)(2)(A); or, (2) a statement or claim of ownership of property under Rule 803(15); or, (3) as a residual exception under FRE, Rule 807.

Thus the entire Irwindale Police Report, including Zugasti's statements of ownership, is admissible.

### C. Emails and Notes from Lamborghini of Newport Beach's Business Records (Exhibit 122).

The entirety of LNB's "deal file," *i.e.*, the seller's sale documents, were obtained via NextGear's subpoena during discovery. Plaintiff was served with a copy of the subpoena but surprisingly never requested or ordered copies of the documents produced by LNB. Furthermore, Plaintiff served no discovery requests and did not participate in a pretrial meeting of counsel. The choice not to participate or review these documents was Plaintiff's alone, and cannot now be attributed to NextGear. Therefore, it is disingenuous for Plaintiff to claim in the Motion that "[t]hese documents have not been provided" to Plaintiff.

The sale of the defendant Vehicle by LNB to Remate is the crux of the Plaintiff's "structuring" case. It defies logic and common sense for Plaintiff now to attempt to exclude from the trial in this case the very deal file upon which its case depends. If there was never a sale of the defendant Vehicle from LNB to Remate, then Plaintiff has no case. Plaintiff argues that "there is no indication that any such notes or emails fall within the business records exception to the hearsay rule." Plaintiff's premature objection in this regard is curious, given that LNB's custodian of records has been subpoenaed to trial, and that person can lay the foundation for a business records exception to the Hearsay Rule. If, during this witness' testimony at trial, Plaintiff believes that an insufficient foundation for this evidence has been established, Plaintiff can object at that time, and the Court will no doubt rule appropriately on such objection.

///

///

///

///

### D. Claimant's Statement of Interest and Answer (Exhibits 127 and 128).

Claimant identifies its Statement of Interest and Answer in the Exhibit List as a courtesy, for ease of access during trial, and out of an abundance of caution. In any event, because both of these documents are already part of the record in this case, and because the Court may take judicial notice of documents that are already part of the record, Plaintiff's Motion is moot insofar as it concerns these two documents.

### E. Plaintiff's Special Interrogatories to Zugasti (Exhibit 130).

FRCP Rule 33, permits the use of written interrogatories before trial and subsection (c) advises that "an answer to an interrogatory may be used to the extent allowed by the Federal Rules of Evidence." The interrogatories themselves are related writings under FRE Rule 106, and are otherwise admissible to give context to Zugasti's responses to Plaintiff's interrogatories.

No Government attorney will be necessary to lay the foundation for the interrogatories if Plaintiff acts reasonably and stipulates to the authenticity of the Special Interrogatories served by Plaintiff in the case at bar.

### F. Zugasti's Claim and Interrogatory Responses (Exhibit 131).

The Plaintiff has suggested that Zugasti did not know the defendant Vehicle was legally registered in Remate's name. Zugasti's Claim, made under oath, and his responses to Plaintiff's Special Interrogatories, also made under oath, are both relevant proof that Remate's representative, Zugasti, claimed an ownership interest in the defendant Vehicle and was aware of Remate's legal title thereto. For these reasons, Zugasti's Claim and responses are admissible as non-hearsay (FRE 801(d)(2)(A)); and if hearsay, as exceptions under FRE Rules 803(15) and 807.

Additionally, Zugasti's sworn Claim and discovery responses are admissible pursuant to FRE 807 (Residual Exception), which states in relevant part:

> Under the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804:
> **(1)** the statement has equivalent circumstantial guarantees of trustworthiness;
> **(2)** it is offered as evidence of a material fact;
> **(3)** it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
> **(4)** admitting it will best serve the purposes of these rules and the interests of justice.

(FRE, Rule 807.)

Zugasti's Claim and interrogatory responses were made at the Plaintiff's behest. The documents were signed under penalty of perjury by Zugasti when Zugasti was a party claimant. Zugasti's Claim and discovery responses, made while a party, are therefore admissible as judicial admissions (the Claim) or as evidentiary admissions.

In *State of Md. to Use of Summerlin v. Kemp* (D. Md. 1961) 194 F.Supp. 838, interrogatory responses were permitted to be read into the record. "The answers to the interrogatories and other information supplied at the hearing show clearly that defendant was negligent, and counsel for the defense stated frankly that their principal defense is contributory negligence. Under these special circumstances, it seems unfair to require plaintiff to go to the expense of producing witnesses to prove primary negligence. She may read into the record so much of the answers to the interrogatories as clearly show defendant's negligence, and produce evidence to support her claim for damages. (*State of Md. to Use of Summerlin v. Kemp* (D. Md.

1961) 194 F.Supp. 838, 840. See also FRCP, Rule 33(c) ["An answer to an interrogatory may be used to the extent allowed by the Federal Rules of Evidence."].)

By analogy, deposition testimony can be read into the record at trial under Rule 32 of the Federal Rules of Civil Procedure. Rule 32 provides that a party may utilize the deposition of a nonparty witness at trial for any purpose, if the Court determines that any one of five enumerated conditions of "unavailability" have been met, including being unable to attend because of imprisonment, being unable to procure the witness' live testimony through subpoena, or in the interest of justice. (*Frechette v. Welch*, 621 F.2d 11 (1st Cir.1980); 4A Moore's Federal Practice P 32.05(1) at 32-24 (2d ed.). Under the circumstances at bar, sworn answers by a dismissed party to interrogatories propounded by a remaining party should be treated no differently than depositions at trial are treated under FRCP, Rule 33.

## IV. CONCLUSION.

The Court is well qualified to determine admissibility and properly consider the evidence at trial. This court should defer evidentiary rulings on these exhibits until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.

DATED: May 18, 2015

PRENOVOST, NORMANDIN, BERGH &
DAWE
A Professional Corporation

By:   /s/ Tom R. Normandin
TOM R. NORMANDIN
PAULA M. HARRELSON
Attorneys for NextGear Capital, Inc.

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 2122 North Broadway, Suite 200, Santa Ana, CA 92706-2614.

On May __, 2015, I served true copies of the following document(s) described as **CLAIMANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE CERTAIN EXHIBITS (NO. 2)** on the interested parties in this action as follows:

| | |
|---|---|
| JOHN KUCERA<br>Assistant United States Attorney<br>CHRISTINE SPROULE<br>Assistant United States Attorney<br>LUCAS E. ROW<br>Assistant United States Attorney<br>United States Courthouse<br>312 North Spring Street, Suite 1400<br>Los Angeles, CA 90012<br>Telephone: (213) 894-5710<br>Facsimile: (213) 894-7177<br>E-mail: frank.kortum@usdoj.gov | Attorneys for the UNITED STATES OF AMERICA |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Prenovost, Normandin, Bergh & Dawe's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Santa Ana, California.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May __, 2015, at Santa Ana, California.



Farida Baig

1