1  **PRENOVOST, NORMANDIN, BERGH & DAWE**
   **A Professional Corporation**
2  **TOM R. NORMANDIN, SBN 102265**
   tnormandin@pnbd.com
3  **PAULA M. HARRELSON, SBN 167438**
   pharrelson@pnbd.com
4  **2122 North Broadway, Suite 200**
   **Santa Ana, California 92706-2614**
5  **Phone No.:    (714) 547-2444**
   **Fax No.:      (714) 835-2889**
6
   Attorneys for NextGear Capital, Inc.
7

8              **UNITED STATES DISTRICT COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

10

11 | UNITED STATES OF AMERICA,           | Case No. SACV13-907-DOC(JPR)
12 |            Plaintiff,                | **NOTICE OF LODGMENT OF**
   |                                     | **CLAIMANT'S PROPOSED**
13 |        v.                           | **FINDINGS OF FACT AND**
   |                                     | **CONCLUSIONS OF LAW**
14 | ONE    2006    LAMBORGHINI          |
   | MURCIELAGO,                         | Trial Date:   May 26, 2015
15 |                                     | Time:         10:00 a.m.
   |            Defendant.               | Dept.:        9D
16
17
18                                        The Hon. David O. Carter
19       **PLEASE TAKE NOTICE** that Claimant, NEXTGEAR CAPITAL, INC. hereby

20 lodges its Proposed Findings of Fact and Conclusions of Law which is attached hereto

21 as Attachment "A."

   DATED:  May 20, 2015          PRENOVOST, NORMANDIN, BERGH &
22                               DAWE
                                 A Professional Corporation
23

24

25
                               By:      /s/ TOM R. NORMANDIN
26                             _____
                               TOM R. NORMANDIN
27                             PAULA M. HARRELSON
                               Attorneys for NextGear Capital, Inc.
28

# ATTACHMENT A

1  **PRENOVOST, NORMANDIN, BERGH & DAWE**
   **A Professional Corporation**
2  **TOM R. NORMANDIN, SBN 102265**
   tnormandin@pnbd.com
3  **PAULA M. HARRELSON, SBN 167438**
   pharrelson@pnbd.com
4  **2122 North Broadway, Suite 200**
   **Santa Ana, California 92706-2614**
5  **Phone No.:    (714) 547-2444**
   **Fax No.:      (714) 835-2889**
6
   Attorneys for NextGear Capital, Inc.
7

8                 **UNITED STATES DISTRICT COURT**

9     **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

10

11 | UNITED STATES OF AMERICA, | Case No. SACV13-907-DOC(JPR) |
|---|---|
12 | Plaintiff, | **CLAIMANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
13 | v. | |
14 | ONE 2006 LAMBORGHINI MURCIELAGO, | Date:    May 26, 2015 |
15 | | Time:    10:00 a.m Crtrm.: 9-D |
16 | Defendant. | The Hon. David O. Carter |

17        Claimant NextGear Capital, Inc. ("NextGear") submits the following proposed

18 findings of fact and law.

19

20 **I.    FINDINGS OF FACT**

21        1.    The subject vehicle, a 2006 Lamborghini Murcielago ("the defendant

22 Vehicle") was purchased by NCA International Services, Inc. doing business as Remate

23 de Monte ("Remate") from auto dealer Lamborghini Newport Beach ("LNB") on June

24 2, 2011.

25        2.    LNB timely submitted a Wholesale Report of Sale to the California

26 Department of Motor Vehicles ("DMV") which identified Remate as the dealer to

27 whom LNB has released its interest.  DMV records establish that LNB sold the

28

1   Defendant Vehicle to Remate on June 2, 2011.  LNB also filed Form 8300, Report of

2   Cash Payment ("Cash Report") with the Government.

3       3.      Claimant NextGear Capital, Inc. ("NextGear") was previously known as

4   Dealer Services Corporation (DSC").  DSC changed its name to NextGear pursuant to a

5   Certificate of Merger filed with the Delaware Secretary of State filed on January 31,

6   2013.  All references here to  "NextGear" will include the former entity DSC.

7       4.      NextGear provides flooring lines to used car dealers across the United

8   States, including the State of California.  A flooring line allows dealers to purchase

9   inventory, i.e., vehicles, for resale to the public.  NextGear does not make consumer

10  loans, but only commercial loans to auto dealers.  NextGear is licensed to make loans

11  by the State of California.

12      5.      At the time the defendant Vehicle was purchased, NextGear held a senior,

13  continuing and perfected security interest in all of Remate's assets, including inventory,

14  pursuant to a written Promissory Note and Security Agreement and filed UCC

15  Financing Statements.

16      6.      As of April 20, 2012, Remate's outstanding balance on its flooring line

17  amounted to $233,824.34.  Remate's debt to NextGear remains unpaid.

18      7.      Remate principal, Raul Ernesto Zugasti-Coria ("Zugasti") was aware that

19  the defendant Vehicle was purchased in Remate's name.  Zugasti filed a claim to the

20  defendant Vehicle on behalf of Remtate.  Zugasti claimed to the Irwindale police

21  Department that Remate had the right to possession of the defendant Vehicle.  Zugasti

22  did not deny that Remate was the owner of the defendant Vehicle.

23      8.      At the time the defendant's Vehicle was impounded by the Irwindale

24  Police Department on January 15, 2012, the defendant Vehicle had Remate's dealer

25  plates affixed to it.

26      9.      NextGear has possession of the original title whereby LNB released its

27  interest in the defendant Vehicle to Remate.

28

PRENOVOST, NORMANDIN, BERGH & DAWE
A Professional Corporation
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706-2614
Tel. (714) 547-2444 · Fax (714) 835-2889

1    10.    NextGear had no knowledge that the defendant Vehicle was subject to

2  forfeiture when NextGear acquired its interest.

3    11.    Eddie Escobedo ("Escobedo") and Luis Perez ("Perez") were associates of

4  Zugasti. Escobedo was an investor in Remate.

5    12.    Escobedo and Perez purchased vehicles  from time to time in Remate's

6  name. Escobedo sold vehicles from Remate's lot.

7    13.    By purchasing the Vehicle in Remate's name, Escobedo/Perez consented

8  the defendant Vehicle becoming an asset of Remate to which NextGear's security

9  interest could and did attach.

10    14.    Zugasti traded three vehicles to Escobedo for the Lamborghini, at least one

11  of which, a Mercedes SLR, was directly floored by NextGear.

12  **II.    CONCLUSION OF LAW**

13    A.    **Plaintiff did not meet its Burden to Prove by A Preponderance of**

14        **Evidence that the Vehicle is Subject to Forfeiture**

15    The defendant Vehicle was purchased by Remate.  Perez/Escobedo acted as

16  agent(s) for Remate.  They were investors in Remate and bought and sold cars in

17  Remate's name from time to time.  A Cash Report was filed.  The cash was deposited

18  into a single bank, U.S. Bank, and a single bank account for LNB.  Plaintiff failed to

19  prove that the initial purchase money came from a source other than Remate or was not

20  otherwise an equity investment in, or loan to, Remate.

21    Nor did the Plaintiff meet its burden to show that Remate or anyone intended to

22  cause LNB or U.S. Bank to evade reporting regulations.

23    An intent to generally "stay under the radar," is not sufficient to establish an

24  intent to evade reporting requirements.  (*U.S. v. Sixty-one thousand nine hundred*

25  *dollars and no cents ($61,900.00) seized from account number XXXXXX4429 held in*

26  *the name of PRP Restaurant, Inc.* (E.D.N.Y. 2011) 802 F.Supp.2d 451, 470.)

27    Forfeiture actions cannot be based on "the government's suspicion" that drug

28  crimes are being committed. (*See United States v. 28 Emery Street,* 914 F.2d 1, 5 (1st

PRENOVOST, NORMANDIN, BERGH & DAWE
*A Professional Corporation*
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706-2614
Tel. (714) 547-2444 • Fax (714) 835-2889

1   Cir.1990) [absent test results that substances were actually illegal drugs, the fact that

2   untested substances were found and tools of the drug trade were seized is insufficient to

3   grant summary judgment to government in forfeiture case even under pre-CAFRA

4   standard under which the government only needs to establish probable cause for

5   forfeiture]; and, *U.S. v. 434 Main Street, Tewksbury, Mass.* (D. Mass. 2013) 961

6   F.Supp.2d 298, 310.)

7         Escobedo/Perez were authorized to purchase vehicles in Remate's name and cash

8   was used to make purchases.  There is no evidence to show that Escobedo/Perez had

9   any intent to evade the filing of a Cash Report.  In fact, a Cash Report was filed.

10  Furthermore, Zugasti traded three cars, at least one of which had been floored  by

11  NextGear for the Lamborghini.

12        Plaintiff's case is murky and its delay and dilatory investigation contributed to

13  that murkiness.  The defendant Vehicle was sold by LNB on June 2, 2011, but Plaintiff

14  waited eight months to seize it.  This is fatal given that this is a commercial transaction

15  in a fast moving industry.  Here there is evidence of subsequent value given for the

16  defendant Vehicle by Remate.  Any connection between the alleged structuring and the

17  defendant Vehicle is broken by the subsequent value.  See 18 U.S.C. §983(c) (3)

18  ("Government shall establish that there was a substantial connection between the

19  property and the offense.").   Plaintiff fails to prove that the Vehicle as acquired by

20  Remate is subject to forfeiture.

21      **B.    Nextgear has Established that It is an Innocent Owner**

22        NextGear is a senior secured creditor of Remate.  It's security interest is

23  continuing and perfected in all of Remate's assets and inventory. It is superior to the

24  Plaintiff's interest and therefore cannot be forfeit.

25  / / /

26  / / /

27  / / /

28  / / /

PRENOVOST, NORMANDIN, BERGH & DAWE
A *Professional Corporation*
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706-2614
TEL (714) 547-2444 • Fax (714) 835-2889

PRENOVOST, NORMANDIN, BERGH & DAWE
*A Professional Corporation*
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706-2654
TEL. (714) 547-2444 • FAX (714) 835-2889

1        **(i)    California State Law establishes NextGear as a secured**

2               **creditor of Remate which security interest attached to the**

3               **Vehicle prior to seizure.**

4        California law controls the determination of NextGear's interest in the Defendant

5    Assert.   (*Butner v U.S.* (1979) 440 U.S. 48, 55 [property interests are created and

6    defined by state law].)

7        NextGear has provided flooring financing to Remate since 2005.  NextGear's

8    security interest was perfected when Remate's initial flooring line was issued.  It

9    remains perfected to date.  NextGear's security interest extends to "a continuing

10   security interest in all of [Remate's] assets and properties, wherever located, including

11   without limitation, all Equipment of any kind or nature, all vehicles, vehicle parts, all

12   inventory now owned or hereafter acquired, without limitation...."  This would include

13   the Vehicle from the moment Remate acquired an interest in it.

14       By definition, a "secured party" is a "person in whose favor a security interest is

15   created or provided for under a security agreement, whether or not any obligation to be

16   secured is outstanding."  (Cal. *Comm. Code* § 9102(72)(A).)  A "security agreement"

17   means an agreement that creates or provides for a security interest."  (Cal. *Comm. Code*

18   § 9102(73).)

19       Under California law a security agreement "may create or provide for a security

20   interest in after-acquired collateral."  (Cal. *Comm. Code* § 9204( in pertinent part).  An

21   after-acquired property clause is no less valid than a security interest in collateral in

22   which the debtor has rights at the time value is given.  Section 9204 validates a security

23   interest in the debtor's existing and (upon acquisition) future assets, even though the

24   debtor has liberty to use or dispose of collateral without being required to account for

25   proceeds or substitute new collateral.   (Official Comments to Cal. *Comm. Code* §

26   9204.)

27       NextGear's security interest had previously attached to the Vehicle when the

28   Vehicle was seized because Remate acquired an interest when it was purchased.

Attachment occurs when each of three events has taken place: (1) the secured party has possession of the collateral pursuant to an agreement, or the debtor has signed a security agreement describing the collateral, (2) the secured party has given value, and (3) the debtor has rights in the collateral.  (*Bank of the West v. Commercial Credit Financial Services, Inc.* (9th Cir. 1988) 852 F.2d 1162, 1166.)   .

> **(ii)** **The Certificate of Title, currently held by NextGear, and the DMV's Wholesale Report of Sale establish a *prima facie* case that Remate owned the Vehicle as of June 2011 and NextGear's security interest attached at that time.**

A purchaser of goods acquires all title which his transferor had or had power to transfer except that a purchaser of a limited interest acquires rights only to the extent of the interest purchased. A person with voidable title has power to transfer a good title to a good faith purchaser for value. When goods have been delivered under a transaction of purchase the purchaser has such power even though

(a)  The transferor was deceived as to the identity of the purchaser, or

(b)  The delivery was in exchange for a check which is later dishonored, or

(c)  It was agreed that the transaction was to be a "cash sale," or

(d)  The delivery was procured through fraud punishable as larcenous under the criminal law.

(Cal. *Comm. Code* §2403(1).)

"Section 2403 applies to the sale of automobiles. [citations.]" (*Suburban Motors, Inc. v. State Farm Mut. Auto. Ins. Co.* (1990) 218 Cal.App.3d 1354, 1359.) Moreover, "California is a `full title' state. This means that a buyer who has no actual knowledge

PRENOVOST, NORMANDIN, BERGH & DAWE
A Professional Corporation
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706-2614
Tel. (714) 547-2444 • Fax (714) 835-2889

1  of a defect in title is entitled to rely upon the information reflected on the registration

2  and ownership certificates, without further inquiry. [citations.]" (*Louis & Diederich,*

3  *Inc. v. Cambridge European Imports, Inc.* (1987) 189 Cal.App.3d 1574, 1587.)  A

4  "pink slip" (certificate of title) and registration constitute *prima facie* evidence of

5  ownership. (*Louis & Diederich, Inc. v. Cambridge European Imports, Inc.* at p. 1589.)

6      California law relating to the establishment of property interests in goods is

7  broader than 18 U.S.C. §983.  It is meant to protect creditors and bona fide purchasers

8  of goods sold by merchants.  Even fraud cannot defeat a transfer of title.  "Where a

9  merchant is entrusted with goods 'for the purpose of sale, obtaining offers to purchase,

10  locating a buyer, or the like,' he can pass clear title even where the sale is accomplished

11  by fraud. (Com.Code § 2403, subd. (2).)"  (*Louis & Diederich, Inc. v. Cambridge*

12  *European Imports, Inc.* at p.  1588.)  There is no theft in the instant case.  No victim

13  deprived of money or property by theft or felonious taking.  Accordingly, title lawfully

14  passed to Remate when it was executed by LNB.

15      Upon the sale of the Vehicle, LNB executed the original Certificate of Title

16  dating the sale effective as of June 2, 2011, and placed the Vehicle in the name of

17  Remate.  The sale was treated as a wholesale sale to a dealer Remate.  LNB completed

18  a Wholesale Report of Sale, required for such sales, and filed it with the DMV.  DMV

19  records establish that LNB sold the Defendant Vehicle to Remate on June 2, 2011.  The

20  sale was completed on June 2, 2011, well before the February 1, 2012 seizure.  Title

21  passed to Remate regardless of whether the Certificate of Title was delivered. Cal

22  Comm. Code §2401(2) (" Unless otherwise explicitly agreed title passes to the buyer at

23  the time and place at which the seller completes his performance with reference to the

24  physical delivery of the goods, despite any reservation of a security interest and even

25  though a document of title is to be delivered at a different time or place; and in

26  particular and despite any reservation of a security interest by the bill of lading.").

27      Zugasti, a principal of Remate, was aware that the Vehicle was put in Remate's

28  name.  There were Remate dealer plates on the Vehicle when it was impounded by

PRENOVOST, NORMANDIN, BERGH & DAWE
*A Professional Corporation*
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706-2614
TEL (714) 547-2444 • Fax (714) 835-2889

1   Irwindale Police Department and Zugasti identified himself as the owner of the vehicle.

2   The Certificate of Title was delivered to Cecelia Saiden Mariscal ("Saiden"), another

3   principal of Remate. Saiden identified the vehicle as a dealer asset, in fact inventory,

4   when she delivered it and a copy of the Report of Sale to NextGear's representative

5   Troy Rogers.

6       The Remate principals treated the Vehicle as inventory, not as a general dealer

7   asset. The Certificate of Title was retained by Remate consistent with usual dealer

8   practices and applicable law regarding inventory, rather than submitted to the DMV for

9   re-registration and re-titling in Remate's name (see Cal. *Veh. Code* §§5600 and 5906)

10  as would be the case of a consumer or retail sale. Neither Zugasti nor Saiden submitted

11  the title to the DMV as required for a consumer transfer of interest, nor did anyone

12  from Remate, sign over the title to Escobedo. Rather, Saiden delivered the Certificate

13  of Title to NextGear as additional security and to pay down Remate's inventory

14  flooring credit line.

15      This conduct and supporting documents establish that Remate had ample interest

16  in the Vehicle for NextGear's security interest to attach. California's Commercial Code

17  does not require that a debtor own or hold title to collateral. Where a debtor has rights

18  beyond naked possession, a security interest may attach. (*In Re Coupon Clearing*

19  *Service, Inc.* 113 F. 3d 1091, 1103 (9th Cir. 1997).) "[A] debtor who does not own

20  collateral may nonetheless use the collateral for security, thereby obtaining 'rights in

21  the collateral,' when authorized to do so by the actual owner of the collateral. (See

22  *Comm. Code* § 9112, and Un.Com.Code comment; *Comm. Code* § 9105(1) (d), and

23  Un.Com.Code comment 2.)"  (*K.N.C. Wholesale, Inc. v. Awmco, Inc.* (1976) 56

24  Cal.App.3d 315, 318-19.) Regardless of whether the person conducting the purchase

25  transaction was Luis Perez or Eddie Escobedo, Remate's interest in the Vehicle arose,

26  when he signed purchase documents identifying Remate as the named buyer of the

27  Vehicle.

28

PRENOVOST, NORMANDIN, BERGH & DAVE
A Professional Corporation
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706-2614
TEL (714) 547-2444 • Fax (714) 835-2888

1    NextGear gave value for the Vehicle in that it provided Remate with a

2    $150,000.00, flooring line to fund Remate's inventory.   Remate was in debt to

3    NextGear in excess of $200,000 at the time the Vehicle was seized.

4        In the *Louis* case cited above, the Respondent argued that the dealer

5    "Cambridge," under a court order to sell a specific vehicle and transfer the proceeds to

6    Respondent, had no ownership interest to pledge as security.   The *Louis* court found

7    this argument to have no merit.   "[The original seller] released its interest completely

8    by delivering the car and the endorsed and dated pink slip to Cambridge in August.

9    (*Veh. Code* §§ 5600, 5602; *Laureano v. Christensen* (1971) 18 Cal.App.3d 515, 95

10   Cal.Rptr. 872.)   Cambridge was not required to make any DMV filing until it

11   transferred ownership to another. (*Veh. Code* § 5906.)   In the interim, Cambridge

12   owned the car. (*Louis & Diederich, Inc. v. Cambridge European Imports, Inc.* (1987)

13   189 Cal.App.3d 1574, 1586.)

14       In short, NextGear has a perfected security interest in Remate's business assets,

15   including the Vehicle, which takes priority over the government's claim to assets

16   through forfeiture. (*U.S. v. Four Hundred Sixty Three Thousand Four Hundred Ninety*

17   *Seven Dollars and Seventy Two Cents ($463,497.72) in U.S. Currency From Best Bank*

18   *Account* (E.D. Mich. 2011) 779 F.Supp.2d 696, 707.)

19                    **(iii)   NextGear is an innocent owner.**

20       NextGear did not know and was reasonably without cause to believe that the

21   vehicle was subject to forfeiture. (*U.S. v. Approximately $44,888.35 in U.S. Currency*

22   385 F. Supp. 2d 1057, 1062-1063 (E.D. Cal. 2005).)   If the owner of the property can

23   show that the funds were obtained from a legitimate sources or that the owner was an

24   innocent owner, unaware or was reasonably without cause to know, of the property's

25   connection with drug sales or its involvement in money laundering or currency

26   transaction violations, then the property is not forfeitable. (Title 18 United States Code,

27   Sections 981 (a)(1)(A); 983 (d); Title 21, United States Code, Section 881(a)(6); and

28   Title 31, United States Code, Section 5317 (c); *United States v. Two Parcels of Real*

PRENOVOST, NORMANDIN, BERGH & DAWE
A Professional Corporation
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706-2614
TeL. (714) 547-2444 • Fax (714) 835-2889

CLAIMANT'S PROPOSED FINDINGS OF FACT AND LAW

1  *Property Located in Russell County, Alabama,* 92 F. 3d 1123, 1128 (11th Cir. 1996).

2  NextGear is an innocent owner whose interest cannot be forfeited.

3      The Plaintiff has asserted that Zugasti was not an owner as defined by 18 U.S.C.

4  §983 because he did not exercise sufficient custody or possession. and therefore,

5  NextGear cannot acquire an innocent interest.  However it is not Zugasti asserting the

6  claim in this action and whether he himself could establish an innocent owner defense

7  is not the proper test.  See *U.S. One 1990 Beechcraft,*(11th Cir. 2010) 619 F. 3d 1275,

8  1277 (CAFRA requires that "the <u>claimant</u> be more than `a nominee who exercises no

9  dominion or control over the property,' *id.* § 983(d)(6)(B)(iii).") (emphasis added).

10  NextGear, a secured creditor, is the <u>Claimant</u>, a distinct species of owner ( "a person

11  with an ownership interest in the specific property sought to be forfeited, including a

12  leasehold, lien, mortgage, recorded security interest, or valid assignment of an

13  ownership interest...." 18 U.S.C. §983(d)(6)(A)) and NextGear's property interest is

14  established by state law.   Ownership interests are defined by the law of the State in

15  which the interest arose  *U.S. v. One Lincoln Navigator 1998* (8th Cir. 2003) 328 F.3d

16  1011, 1013.

17      Plaintiff's demand that NextGear's interest be determined by whether Remate is

18  an owner of the property collapses upon itself. "Even those who purchase assets with

19  money derived from drug transactions can be innocent owners, so long as they do not

20  know the illegal source of the funds. (*United States v. 92 Buena Vista Ave.,* 507 U.S.

21  111, ——, 113 S.Ct. 1126, 1134, 122 L.Ed.2d 469 (1993) (Stevens, J., plurality

22  opinion).)  Indeed, it is only after an owner is shown to have purchased with

23  illegitimate assets that the innocent owner defense even becomes an issue.  Under the

24  instruction, however, the innocent owner exception in section 881(a)(6) would only

25  permit a claimant to preserve from forfeiture its interest in a piece of property if the

26  claimant could first prove that the interest was not subject to forfeiture, *i.e.,* that it was

27  not purchased with drug proceeds." (*U.S. v. Real Property Located at 20832 Big Rock*

28  *Drive, Malibu, Cal. 902655* (9th Cir. 1995) 51 F.3d 1402, 1409-10.)  NextGear's

PRENOVOST, NORMANDIN, BERGH & DAWE
*A Professional Corporation*
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706-2614
TEL (714) 547-2444 • Fax (714) 835-2889

1  property right are determined by state law not by whether Zugasti can establish an

2  innocent owner defense.

3       To find against NextGear, a legitimate business engaged in legitimate business

4  operations, would impose uncertainty into commercial security interests.  By seizing

5  the Vehicle without regard to the commercial interests as defined by state law at stake

6  the Plaintiff triggered a wholesale confiscation of NextGear's collateral by Escobedo

7  depriving NextGear of any way to make itself whole. The Civil Asset Forfeiture

8  Reform Act of 2000 ("CAFRA") must be construed in a manner that protects such

9  institutions from unwarranted or disproportionate forfeitures.  (*U.S. v. Real Property*

10 *Located at 3234 Washington Ave. North, Minneapolis, Minn.* (8th Cir. 2007) 480 F.3d

11 841, 846.)  Indeed, "[f]orfeitures are not favored; they should be enforced only when

12 within both the letter and the spirit of the law. [citations.]"  (*U.S. v. 434 Main Street,*

13 *Tewksbury, Mass.* (D. Mass. 2013) 961 F.Supp.2d 298, 317.)

14      Unless the Vehicle is released to NextGear, the letter and spirit of CAFRA will

15 be violated. Accordingly, the court finds that NextGear has proved by a preponderance

16 of the evidence that it is an innocent owner whose interest in the Vehicle shall not be

17 forfeited.

18 / / /

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

PRENOVOST, NORMANDIN, BERGH & DAWE
A *Professional Corporation*
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706-2654
Tel. (714) 547-2444 • Fax (714) 835-2889

8443.0037 / 1148055.1

SACV13-907-DOC(JPR)

CLAIMANT'S PROPOSED FINDINGS OF FACT AND LAW

1  III.   **JUDGMENT**

2        1.     For the reasons set out above the Court finds that the Government has not

3  proved by a preponderance of the evidence that the defendant asset, one 2006

4  Lamborghini Murcielago bearing VIN ZHWBU26S9LA02025, constitutes property

5  involved in or traceable to one or more violations of 31 U.S.C. §5324.

6        2.     The Court also finds that the Claimant, NextGear Capital, Inc. has proved

7  by a preponderance of the evidence that it is an innocent owner of the defendant asset

8  pursuant to 18 U.S.C. § 983(d).

9        3.     The Vehicle shall be returned to the Claimant forthwith.

10

11  **IT IS SO ORDERED:**

12

13  DATED: May ___, 2015

14

15                                          _____

16                                          HONORABLE DAVID O. CARTER

17

18  **SUBMITTED BY:**

19

20  DATED: May 20, 2015          PRENOVOST, NORMANDIN, BERGH &
                                    DAWE
21                                  A Professional Corporation
22

23

24                               By:    /s/ TOM R. NORMANDIN
                                       _____
25                                     TOM R. NORMANDIN
                                       PAULA M. HARRELSON
26                                     Attorneys for NextGear Capital, Inc.

27

28

PRENOVOST, NORMANDIN, BERGH & DAWE
A Professional Corporation
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706-2614
Tel. (714) 547-2444 • Fax (714) 835-2889

<u>**PROOF OF SERVICE**</u>

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is 2122 North Broadway, Suite 200, Santa Ana, CA 92706-2614.

On May 21 2015, I served true copies of the following document(s) described as **NOTICE OF LODGMENT OF CLAIMANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** on the interested parties in this action as follows:

JOHN KUCERA                                     Attorneys for the UNITED STATES OF
Assistant United States Attorney        AMERICA
CHRISTINE SPROULE
Assistant United States Attorney
LUCAS E. ROW
Assistant United States Attorney
United States Courthouse
312 North Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone:  (213) 894-5710
Facsimile:  (213) 894-7177
E-mail:  frank.kortum@usdoj.gov

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Prenovost, Normandin, Bergh & Dawe's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at Santa Ana, California.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 21 2015, at Santa Ana, California.

Farida Baig

PRENOVOST, NORMANDIN, BERGH & DAWE
A Professional Corporation
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706-2614
Tel. (714) 547-2444  •  Fax (714) 835-2889

1