STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
CHRISTEN A. SPROULE (Cal. Bar No. Pending)
Assistant United States Attorney
LUCAS E. ROWE (CBN: 298697)
Special Assistant United States Attorney
Asset Forfeiture Section
  Federal Courthouse, 14th Floor
  312 North Spring Street
  Los Angeles, California 90012
  Telephone: (213) 894-4493
  Facsimile: (213) 894-7177
  E-mail: Christen.A.Sproule@usdoj.gov
        Lucas.Rowe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>ONE 2006 LAMBORGHINI MURCIELAGO<br><br>      Defendant.<br>_____<br><br>NEXTGEAR CAPITAL, INC.,<br><br>      Claimant. | NO. SACV 13-907 DOC(JPRx)<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE AS CONTAINING HEARSAY**<br><br>TRIAL: May 26, 2015<br>TIME: 10:00 a.m. |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff United States of America (the "Government") respectfully submits this memorandum of points and authorities in reply to the opposition of Claimant NextGear Capital, Inc. (the "Claimant") to the Government's Motion in Limine to Exclude Certain Evidence (Dkt. 59, hereafter the "Cl.'s Opp.").

## II. ARGUMENT

### A. Motions in Limine Are Appropriate in Bench Trials.

Contrary to Claimant's assertion that the government's motions in limine are "both unnecessary and inappropriate," citing a non-binding case from outside the Ninth Circuit, motions in limine are appropriate in bench trials. *Wolkowitz v. Lerner*, No. CV 07-777 CAS, 2008 WL 1885770, at *5 (C.D. Cal. Apr. 21, 2008); *see also, e.g., SEC v. Life Wealth Mgmt.*, No. CV 10–4769 RSWL, 2013 WL 1660860, at * 2 (C.D. Cal. Apr. 17, 2013) (granting motion in limine to exclude portions of expert testimony); *Weber v. Eco-Adventures, Inc.*, 2004 U.S. Dist. LEXIS 27485 (D. Haw. Apr. 2, 2004); *Shimozono v. May Dept. Stores Co.*, 2002 U.S. Dist. LEXIS 28478, at *29 (C.D. Cal. Nov. 20, 2002) (excluding inadmissible hearsay via motion in limine in a bench trial). A motion in limine promotes efficiency and preserves judicial resources by raising issues for resolution before trial. Accordingly, the Court should consider these properly raised motions in limine.

### B. Claimant's Exhibits Are Inadmissible Hearsay.

#### a. Declaration of Cecilia Saiden Mariscal

Claimant NextGear concedes that the Declaration of Cecilia Saiden Mariscal is inadmissible hearsay and may be used only for the purposes of impeachment if it becomes appropriate. (Cl.'s Opp. at 3.) The Government reserves the right to object to any attempt to use this document for any other purpose.

### b. Police Department Report and Recording

Claimant's apparent contention, made without any supporting judicial authority, that all information in a police report is admissible under Rule 803(8)(A)(ii) is incorrect. Factual findings within a report are admissible, but those factual findings must "be based on the knowledge or observation of the preparer of the report." *Miller v. Field*, 35 F.3d 1088, 1091 (6th Cir. 1994). The *Miller* court specifically stated that "the statements of the victim, the alleged assailants, and various witnesses [were] hearsay information, not facts observed by the preparer of the police report" and, thus, were inadmissible hearsay. *Id.*; *see also Bemis v. Edwards*, 45 F.3d 1369, 1374 (9th Cir. 1995) (affirming the exclusion of statements from an otherwise admissible police report because those statements were not facts known to the reporting officer); *United States v. Taylor*, 462 F.3d 1023, 1026 (8th Cir. 2006) (finding that a police report contains double hearsay – the report itself and the statements of witnesses speaking to the police. Statements of witnesses "f[a]ll under no exception to the hearsay rule"); *Jordan v. Binns*, 712 F.3d 1123, 1133 (7th Cir. 2013) ("[T]hird party statements contained in a police report do not become admissible for their truth by virtue of their presence in a public record and instead must have an independent basis for admissibility."); *United States v. Pazsint*, 703 F.2d 420, 424 (9th Cir. 1983) (excluding an emergency call because the caller's statements were inadmissible hearsay as the hearsay exception applies only if the person reporting the information is "acting routinely, under a duty of accuracy, with employer reliance on the result, or in the regular course of business"). Indeed, the Advisory Committee Note for Rule 803(8) states that "[p]olice reports have generally been excluded except to the extent to which they incorporate firsthand observations of the officer."

In this case, the statements by Zugasti and the driver contained in the Irwindale Police Report are clearly inadmissible hearsay of third parties.

3

### c. Claimant's Statement of Interest and Answer

The Claimant may not seek to introduce these documents in order to prove the truth of the matters asserted therein because that would be hearsay not subject to an exception under Rule 801(c) and (d). These documents are pleadings, not testimony that is subject to cross-examination. If Claimant hopes to introduce the information contained in these documents, it must do so through witness testimony.

### d. The Government's Special Interrogatories to Ernesto Zugasti, Zugasti's Claim, and Zugasti's Interrogatory Responses.

Claimant seeks to introduce the self-serving, out-of-court, untrustworthy statements, made by a Claimant, who later withdrew his Claim, and, implicitly the statements made therein and in his interrogatory responses.[1] Claimant hopes to introduce the statements in these documents to circumvent the basic tenets of the adversarial system—that is, to present live testimony subject to cross-examination by the opposing party. But the hearsay rule exists for this very reason, to exclude unchallenged, out-of-court statements that have no indicia of credibility.

Contrary to Claimant's assertion, Rule 801(d)(2)(A) does not stand for the proposition it claims it does. Rule 801(d)(2)(A) allows a party to use an *opposing party's* statement against that opposing party. Here, Zugasti is not a party; nor is Zugasti opposed to Claimant; nor is the statement being offered against Zugasti.

Rule 803(15), by its very terms, does not apply to Zugasti's statements; rather, this Rule allows the admission of a statement in a document that affects an interest in property *if the matter stated was relevant to the document's purpose*. This Rule contemplates documents such as deeds, liens, security instruments, and judgments, which have, by their nature, indicia of credibility. *See* Fed. R. Evid. 803(15) advisory committee note; *United States v. Boulware*, 384 F.3d 794, 807 (9th Cir. 2004), *vacated*

---

[1] On March 3, 2015, Claimant Zugsasti was deposed by Claimant. He refused to answer any substantive question on the basis of the Fifth Amendment privilege.

*on other grounds*, 552 U.S. 421 (2008) (reversing district court's exclusion of state court judgment when the judgment made a determination as to ownership of property.) It does not contemplate the admission of self-serving statements of a prior claimant who has withdrawn his claim, which have, by their very nature, the indicia of *incredibility*.

The residual exception described in Rule 807 does not favor the Claimant either. The Claimant correctly cites the language of Rule 807, but incorrectly analyzes it. In order for hearsay evidence to otherwise be admissible under Rule 807, the Claimant must show that the statements sought had circumstantial guarantees of trustworthiness, are offered as evidence of a material fact, are more probative than any other evidence claimant can obtain through reasonable means, and admission would best serve the rules and justice. Claimant cannot make such a showing. The statements do not bear any guarantee of trustworthiness as the maker of those statements later withdrew them (by withdrawing his claim), opted to invoke his Constitutional right to remain silent during later questioning, and fled the country shortly after the defendant asset was seized. Certainly admitting statements made under such circumstances would not be considered evidence of a material fact, more probative than any other evidence, or further the interests of the rules and justice.

Claimant cites *State of Md. to Use of Summerlin v. Kemp* for the proposition that interrogatory responses are admissible and may even be "read into the record." (Cl.'s Opp. at 7 (citing 194 F. Supp. 838 (D. Md. 1961)). Claimant misreads *Kemp*.[2] The *Kemp c*ourt allowed a plaintiff to read the interrogatory responses of the *defendant* into the record when the defendant refused to so testify himself. The court found it overly burdensome to require the plaintiff to locate and call witnesses to testify to the same information the defendant provided in interrogatory responses. *Kemp*, 194 F. Supp. at

---

[2] If one were to read only the last paragraph of the *Kemp* opinion, it would be unclear to what party the Court was referring when allowing the interrogatories to be read into the record. But a full reading of the opinion, which is only two pages in length, shows quite clearly that it was the defendant's interrogatory responses that were read into the record and they were offered *against* the defendant.

5

1  839.

2  Further, the bald assertion that the interrogatories are nevertheless admissible as a
3  related writing under Rule 106 is meritless.  Again, Claimant offered not a single citation
4  to a case or Advisory Committee Note giving support to its position.  Rather, this court
5  has held that this rule, known as the rule of completeness may not be used "to obtain
6  admission of inadmissible hearsay."  *United States v. Castro-Cabrera* 534 F. Supp. 2d
7  1156, 1160-61 (C.D. Cal. 2008) ("[T]he Rule of Completeness cannot be used to trump
8  the normal rules concerning the admissibility of evidence.")

9  Lastly, Claimant attempts to analogize the offering of deposition testimony at trial
10 to offering interrogatory responses for the same purpose.  (Cl.'s Opp. at 8.)  This is an
11 apples to oranges comparison.  Deposition testimony is subject to cross-examination
12 while interrogatories are not.  Notably, Rule 804(b)(1)(B) specifically requires that prior
13 testimony may only be used against a party who had "an opportunity and similar motive
14 to develop it by direct, cross-, or redirect examination."  Where no such examination has
15 occurred, these statements are simply inadmissible.

16  //
17  //

### III. CONCLUSION

The Claimant has put forth no credible arguments that would call for the admission of the exhibits to which the Government has objected. The exhibits are plainly inadmissible hearsay not subject to an exception and should be excluded.

DATED: May 21, 2015

Respectfully submitted,

STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

　/s/ Lucas E. Rowe
CHRISTEN A. SPROULE
Assistant United States Attorney
LUCAS E. ROWE
Special Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA