**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, ONE 2006 LAMBORGHINI MURCIELAGO, Defendant. v. NEXTGEAR CAPITAL, INC., Claimant-Appellant, | No.   15-56280 D.C. No. 8:13-cv-00907-DOC-JPR MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted February 13, 2017**
Pasadena, California

Before: D.W. NELSON, TALLMAN, and N.R. SMITH, Circuit Judges.

---

       \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

       \*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

NextGear Capital, Inc., ("NextGear") appeals the district court's judgment, following a bench trial, in favor of the United States. The district court held that NCA International Services, Inc., d/b/a Remate del Monte ("Remate") did not own a 2006 Lamborghini Murcielago that was subject to civil forfeiture under 31 U.S.C. § 5317(c)(2) and later seized by federal authorities. Given Remate's lack of ownership, the district court held that NextGear did not have a security interest in the vehicle and, therefore, could not be an "innocent owner" as defined by 18 U.S.C. § 983(d)(3). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

While NextGear's innocent owner defense may fail given the likelihood it was on notice that the vehicle was subject to forfeiture at the time it received title, *see* 18 U.S.C. § 983(d)(3)(A)(ii) ("[T]he term 'innocent owner' means a person who . . . did not know and was reasonably without cause to believe that the property was subject to forfeiture."); *United States v. An Interest in the Real Prop. Located at 2101 Lincoln Blvd., Los Angeles, Cal.*, 729 F. Supp. 2d 1150, 1155–58 (C.D. Cal. 2010), the defense more clearly fails because NextGear did not establish that the vehicle was an asset of Remate and, therefore, that NextGear was a bona fide purchaser for value, *see* 18 U.S.C. § 983(d)(3)(A)(i).

NextGear had a perfected security interest—a floating lien—in all of Remate's assets, including later-acquired collateral, pursuant to a written Promissory Note and Security Agreement and filed UCC Financing Statements. However, NextGear's security interest did not attach to the collateral—and make it a bona fide purchaser of the collateral—unless Remate had rights in the vehicle, i.e., ownership of the vehicle. *See* Cal. Com. Code § 9203(b)(2); Cal. Veh. Code § 460 ("An 'owner' is a person having all the incidents of ownership."). On this record, we cannot say the district court clearly erred in finding that Remate was never the owner of the vehicle. *See Freeman v. Allstate Life Ins. Co.*, 253 F.3d 533, 536 (9th Cir. 2001).

Although Remate eventually acquired the Certificate of Title to the vehicle, the record makes clear that Remate otherwise had very few incidents of ownership: the vehicle was not purchased in the ordinary course of Remate's business, the vehicle was never delivered to Remate, and Remate never held the vehicle on the lot for resale. *See In re Stinson*, 443 B.R. 438, 443 (B.A.P. 9th Cir. 2010); *Savnik v. Hall*, 74 Cal. App. 4th 733, 740 (1999). Put differently, the evidence indicated that Eduardo Escobedo, through Luis Perez, purchased the vehicle using Remate's dealer's license to avoid sales taxes, and that he, not Remate, owned the vehicle. *See In re Stinson*, 443 B.R. at 443.

As such, the district court properly concluded that Remate never owned the vehicle and, therefore, that NextGear's security interest never attached. Without a security interest in the collateral, NextGear cannot be a bona fide purchaser for value under the innocent owner defense.

**AFFIRMED.**